U.S. District Court
No. 91-083

DENNIS FERREN, JR., AND JUDITH FERREN

v.

GENERAL MOTORS CORPORATION
DELCO BATTERY DIVISION

July 15, 1993

424

*Cullity, Kelley & McDowell,* of Manchester (*Joseph F. McDowell, III* on the brief and orally), for the plaintiffs.

*Gallagher, Callahan & Gartrell,* of Concord (*Steven J. McAuliffe* on the brief and orally), and *Foley, Hoag & Eliot,* of Boston, Massachusetts (*Arthur G. Telegen* and *Michele A. Whitham* on the brief), for the defendant.

HORTON, J.   The United States District Court for the District of New Hampshire (*Stahl,* J.) has certified the following questions of law for our consideration under Supreme Court Rule 34, concerning suit by Dennis and Judith Ferren (the Ferrens), New Hampshire residents, against General Motors Corporation (GMC) for injuries allegedly suffered as a result of Mr. Ferren's exposure to lead dust while employed at GMC's Kansas plant:

"1.   Whether the substantive law of New Hampshire or of Kansas governs this action;

2.   If the substantive law of New Hampshire applies, whether the New Hampshire workers' compensation statutory framework bars plaintiffs' claims; and

3.   Whether, and under what circumstances, New Hampshire would recognize the 'dual injury' exception to the New Hampshire's [*sic*] workers' compensation bar."

For the reasons stated below, we hold that the substantive law of Kansas governs this action. Accordingly, we need not answer the remaining questions.

From 1961 through 1974, Dennis Ferren, Jr., worked at GMC's Olathe, Kansas plant, where he was exposed to lead dust during the battery-making process. In September 1989, fifteen years after his employment with GMC terminated, Mr. Ferren learned that he had lead poisoning and other diseases. The plaintiffs subsequently filed suit in the United States District Court for the District of New Hampshire against GMC based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dennis Ferren sues for personal injuries arising out of his employment with GMC in Kansas. Mr. Ferren asserts that he did not learn of his illness or its relation to his employment until his diagnosis in 1989, and that GMC misrepresented and concealed the consequences of his lead exposure. Judith Ferren, Dennis' wife, sues for loss of consortium.

The Ferrens argue that New Hampshire law governs their action against GMC. They maintain that because they have resided in New Hampshire since 1974 and because Mr. Ferren discovered his illness while living in this State, these are "substantial connections" to the facts and issues of this case to render New Hampshire law applicable. In addition, the Ferrens argue that as a matter of policy, "[s]ince Kansas would not provide any type of remedy to the plaintiffs, [this court should] apply its own law in protecting citizens such as Dennis Ferren from the harsh results of Kansas law."

GMC contends that the case is governed by the Kansas workers' compensation statute because Mr. Ferren was an employee of GMC when he was exposed to lead-containing products while residing in Kansas and working in a Kansas battery-making plant pursuant to a contract of employment that arose entirely in Kansas. The fact that the plaintiffs moved to New Hampshire after the events giving rise to the lawsuit is, GMC argues, insufficient to apply New Hampshire law.

■ The choice-influencing considerations adopted by this court in *Clark v. Clark*, 107 N.H. 351, 222 A.2d 205 (1966), control the choice of law analysis. These considerations are: (1) predictability of results; (2) maintenance of reasonable orderliness and good relationship among the States in our federal system; (3) simplification of the judicial task; (4) advancement by the court of its own State's governmental interests rather than those of other States; and (5) the court's preference for what it regards as the sounder rule of law. *Id.* at 354–55, 222 A.2d at 208–09. "Obviously, some of them will be more relevant to some type of cases, less to other types." *Id.* at 353–54, 222 A.2d at 208.

■ The consideration of predictability of results "basically relates to consensual transactions, in which it is important that parties be able to know in advance what law will govern a transaction. . . . Reliance upon a predictable choice of law protects the justifiable expectations of the parties[, and] . . . assures uniformity of decision regardless of forum." *Clark v. Clark*, 107 N.H. at 354, 222 A.2d at 208. This factor "emphasizes the importance of applying to the parties' bargain or other dealings the law on which they agreed to rely at the outset." *Keeton v. Hustler Magazine, Inc.*, 131 N.H. 6, 17, 549 A.2d 1187, 1194 (1988). The underlying factual basis for this lawsuit is the employment relationship between GMC and Mr. Ferren. Surely, neither Mr. Ferren nor GMC contemplated that anything but Kansas law would govern their employment relationship, and, therefore, this consideration weighs heavily in Kansas' favor.

The Ferrens argue that the predictability of results is better met with the application of New Hampshire law because the application of Kansas law will preclude them from recovery. Under the Kansas workers' compensation system, the Ferrens are barred from recovery because Mr. Ferren's illness manifested itself more than one year after his last employment-related exposure to lead dust. *See* KAN. STAT. ANN. § 44–5a01(c) (1986). The Ferrens contend that New Hampshire's discovery rule offers more protection to its residents and, therefore, ought to apply to this case. The appropriate focus, however, is not on the current status of the plaintiffs as residents of New Hampshire, but rather is on the fact that the employment relationship from which the alleged injuries arose was entered into and carried out in full in Kansas. *See* 4 A. LARSON, WORKMEN'S COMPENSATION LAW § 87.41, at 16–114 (1990). Kansas law determined the legal consequences of the employment relationship, and those consequences follow regardless of where suit is instituted.

■■ A second consideration is "the maintenance of reasonable orderliness and good relationship among the states in our federal system." *Clark v. Clark*, 107 N.H. at 354, 222 A.2d at 208. This requires that "a court apply the law of no state which does not have substantial connection with the total facts and with the particular issue being litigated." *Id.; see Keeton v. Hustler Magazine, Inc.*, 131 N.H. at 18, 549 A.2d at 1194. As noted above, every aspect of the employment relationship that allegedly gave rise to Mr. Ferren's injuries occurred in Kansas. Indeed, the plaintiffs admit that the employment relationship between Mr. Ferren and GMC "arose entirely within the State of Kansas," and "had no link whatsoever with the State of New Hampshire." The fact that the Ferrens now reside in

New Hampshire "is not enough standing alone to warrant application of New Hampshire law." *LaBounty v. American Insurance Co.,* 122 N.H. 738, 743, 451 A.2d 161, 164 (1982); *see John Hancock Ins. Co. v. Yates,* 299 U.S. 178, 182 (1936) (postoccurrence change of residence to forum State insufficient in and of itself to confer choice of forum law).

■ The plaintiffs argue that if they are unable to receive any compensation due to the application of Kansas law, they face the danger of becoming a financial burden on the State of New Hampshire, a factor which justifies applying New Hampshire law. While we agree that New Hampshire has an interest in Mr. Ferren's compensation, when the factors relevant to the litigation are all located elsewhere, this factor is insufficient to sustain application of the forum law. "The possibility that the employee might change his residence at any time, after the injury, and thus shift the burden of support to another state, makes the fact of present residence less significant." R. LEF-LAR, AMERICAN CONFLICTS LAW § 160, at 329–30 (3d ed. 1977).

■ A third consideration is simplification of the judicial task. While it may be simpler for a court to apply its own substantive law, *Clark v. Clark,* 107 N.H. at 354, 222 A.2d at 208, we think that the application of Kansas law to these issues is not so difficult an undertaking as to outweigh opposing considerations. This is especially true whereby the forum court applies its own procedural laws even when the case before it is governed by another State's substantive law. *See Keeton v. Hustler Magazine, Inc.,* 131 N.H. at 13, 549 A.2d at 1191.

■ A fourth consideration is advancement of the forum's governmental interests. New Hampshire has an interest in seeing that employees receive compensation for injuries suffered in the workplace. In recognition of this interest, New Hampshire has adopted a workers' compensation system. Likewise, Kansas has adopted a comprehensive system to compensate injured employees. The two systems reflect many of the same policies, including: immunizing employers from tort liability, *compare* RSA 281-A:8 (Supp. 1992) *with* KAN. STAT. ANN. § 44–504 (Supp. 1992); imposing time limitations on an employee's right to file claims, *compare* RSA 281-A:21-a (Supp. 1992) *with* KAN. STAT. ANN. § 44–520a (1986); and imposing limits on the extent to which an employer is to be held liable for occupational diseases, *compare* RSA 281-A:2, XIII (Supp. 1992) *and* RSA 281-A:16 (Supp. 1992) *with* KAN. STAT. ANN. § 44–5a01 (1986). Because both States have adopted schemes for allocating the risks and costs

of injuries suffered on the job, application of Kansas law would not contravene New Hampshire's interest. Simply because there are variations between these statutory schemes based on socioeconomic interests does not establish genuine differences in social policy. *See* LEFLAR, *supra* § 48, at 91–92; *Goodwin v. George Fischer Foundry Systems, Inc.,* 769 F.2d 708, 713 (11th Cir. 1985).

A fifth consideration is the court's preference for what it regards as "the sounder rule of law." *Clark v. Clark,* 107 N.H. at 355, 222 A.2d at 209. Should the Ferrens circumvent the statute of limitations and exclusive remedy provisions of the Kansas workers' compensation law and proceed against GMC in tort, their action would be barred by the ten-year statute of repose, which restricts the discovery rule and forecloses suit when ten years have elapsed since the time of the act giving rise to the cause of action. *See* KAN. STAT. ANN. § 60–513(b) (Supp. 1992). The plaintiffs argue that because this court has struck down a statute of repose as unconstitutional under our State Constitution, New Hampshire law, and its liberal tort discovery rule, ought to apply as the sounder rule of law. *See Heath v. Sears, Roebuck & Co.,* 123 N.H. 512, 525–26, 464 A.2d 288, 295–96 (1983).

■ For reasons already stated in this opinion, no sufficient grounds exist on the facts of this case for holding that New Hampshire law provides the better rule. There was no occurrence within New Hampshire giving rise to the underlying suit to which the law of New Hampshire applies. It thereby follows that this court ought not invalidate the statutory scheme of Kansas, whose substantial concern with the problem at hand gives it an overriding interest in the application of its law. *See Eger v. E.I. DuPont DeNemours Co.,* 110 N.J. 133, 140–41, 539 A.2d 1213, 1217 (1988). Any argument that the Kansas statute of repose in unconstitutional as applied to these plaintiffs is more appropriately made in other available forums.

■ Given that the issue involved in the lawsuit is whether Mr. Ferren suffers from an occupational disease acquired during his employment with GMC, that Kansas has a justified expectation that disputes between a Kansas employer and employee regarding workplace injuries which occur within that State will be governed by its workers' compensation scheme, and that virtually all of the essential elements connected with the lawsuit are grouped within Kansas, analysis of the choice-influencing considerations reveals that Kansas law should be applied in this case. While we recognize that the plain-

tiffs advance compelling equitable arguments, the contacts with New Hampshire are insufficient to warrant application of the forum's law.

*Remanded.*

THAYER, J., did not sit; the others concurred.