Quinn v. Owen's Marine                    CV-93-247-JD  04/26/95
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Thomas G. Quinn, III, et al.

      v.                                  Civil No. 93-247-JD

Owen's Marine, Inc.


                              O R D E R


      This case involves a July 3, 1990, boating accident in

Dunstable, Massachusetts.  The plaintiffs allege that the

defendant, Owen's Marine, Inc., is liable for installing an

excessively powerful motor on a boat which collided with the boat

transporting the plaintiffs' decedent.  By order of August 16,

1994 (document no. 57), the magistrate judge ruled that

Massachusetts law governs the substantive legal issues in this

case.  Before the court is the defendant's objection to that

order (document no. 58).



                         Standard of Review

Rule 72 provides that

      [a] magistrate judge to whom a pretrial matter not
      dispositive of a claim or defense of a party is
      referred shall . . . enter into the record a written
      order setting forth the disposition of the matter
      . . . .  The district judge to whom the case is
      assigned shall consider [timely] objections and shall
      modify or set aside that portion of the magistrate
      judge's order found to be <u>clearly erroneous or contrary
      to law</u>.

Fed. R. Civ. P. 72(a) (emphasis supplied); see 28 U.S.C.A. §
636(b)(1)(West 1993); Quaker State Oil Ref. v. Garrity Oil, 884
F.2d 1510, 1517 (1st Cir. 1989); Blinzler v. Marriott Int'l,
Inc., 857 F. Supp. 1, 2-3 (D.R.I. 1994).

A magistrate judge's factual finding is considered clearly
erroneous when it is contrary to the "clear weight of the
evidence or when the court has a 'definite and firm conviction
that a mistake has been committed.'" Blinzler, 857 F. Supp. at 3
(quoting Holmes v. Bateson, 583 F.2d 542, 552 (1st Cir. 1978)).
However, where a dissatisfied litigant objects to a magistrate
judge's legal ruling the court considers whether the ruling was
contrary to law. E.g., Bryant v. Hilst, 136 F.R.D. 487, 488 (D.
Kan. 1991). The court is empowered to modify or set aside any
factual or legal ruling of a magistrate judge which does not
survive application of the clearly erroneous or contrary to law
standard of Rule 72(a). E.g., Blinzler, 857 F. Supp. at 2.

The magistrate judge's August 16, 1995, legal ruling that
Massachusetts law governs this action is not dispositive of a
"claim or defense of a party" and, thus, is subject to the
clearly erroneous standard or contrary to law standard of review.
Fed. R. Civ. P. 72(a); see Middleton v. Sutton, No. 92-589-B,
slip op. at 1-2 (D.N.H. Jan. 5, 1995) (quoting Fischer v.
McGowan, 585 F. Supp. 978, 984 (D.R.I. 1984)).

2

## Background[1]

This case arises out of a boating accident which occurred on July 3, 1990, on Lake Massapoag in Dunstable, Massachusetts. The decedent, Norma L. Quinn, and plaintiff Susan Lee Yezzi were passengers in a motorboat being operated by Thomas G. Quinn, III, which was in a collision with a motorboat being operated by William DeRouche. Norma L. Quinn died as a result of the accident and Thomas G. Quinn, III, Susan Lee Yezzi, Carroll Thomas Quinn, Mary Eileen Lavigne and Kathleen Mary Newcomb, her children, were appointed co-administrators of her estate in Massachusetts.

The defendant, Owen's Marine, Inc., is a New Hampshire corporation with its principal place of business in Manchester, New Hampshire. The outboard motor of the DeRouche boat was sold by Owen's Marine, Inc., in New Hampshire. During the period 1982-85, about twenty percent (20%) of defendant's business was done with Massachusetts residents. Norma L. Quinn, Thomas G. Quinn, III and Mary Eileen Lavigne are residents of Massachusetts; Carroll Thomas Quinn is a resident of New Jersey; Susan

---

[1]The magistrate judge announced findings of fact in conjunction with his August 1994 order. The defendant has not objected to these findings and the court incorporates them verbatim.

Lee Yezzi is a resident of Connecticut and Kathleen Mary Newcomb is a resident of Florida.

The Quinn boat and the DeRouche boat were registered in Massachusetts and were owned by Massachusetts residents.

## Discussion

The magistrate judge ruled that the only actual conflict of law question before the court is whether to apply the New Hampshire wrongful death statute, N.H. Rev. Stat. Ann. § 556:12, or the Massachusetts statute, Mass. Gen. L. ch. 229:2, which permits recovery for a wider array of damages. Quinn v. Owen's Marine, No. 93-247-JD, pretrial order at 4, 5 (D.N.H. Aug. 16, 1994). The defendant has not objected to this legal ruling, which is adopted herein. See Defendant's Objection.

The parties do not dispute that the choice of law determination is governed by application of the factors announced by the New Hampshire Supreme Court in Clark v. Clark, 107 N.H. 351, 222 A.2d 205 (1966). However, the defendant asserts that the magistrate judge incorrectly applied the Clark criteria and, as a result, the legal ruling is contrary to law. Defendant's Objection at ¶ 1. The plaintiff responds that the magistrate judge properly applied the findings of facts to the Clark criteria. Plaintiff's Brief Reply at ¶¶ 2 -7.

4

The court has considered the pleadings, memoranda, and applicable law. Based on this review the court finds that the magistrate judge's application of the New Hampshire choice of law principles was contrary to law. Thus, the court must undertake its own analysis consistent with Clark and other controlling precedent.

New Hampshire has adopted five choice-influencing considerations for use in determining which body of substantive law to apply where there is an actual conflict between the substantive law of two or more jurisdictions: (1) the predictability of results; (2) the maintenance of reasonable orderliness and good relationships among the states in the federal system; (3) simplification of the judicial task; (4) the advancement of the governmental interest of the forum; and (5) the court's preference for what it regards as the sounder rule of law. Sinclair v. Brill, 815 F. Supp. 44, 46 (D.N.H. 1993); Keeton v. Hustler Magazine, 131 N.H. 6, 14, 549 A.2d 1187, 1192 (1988) (citing LaBounty v. American Ins. Co., 122 N.H. 738, 741, 451 A.2d 161, 163 (1982); Clark, 107 N.H. at 353-55, 222 A.2d at 208-09). Although the court considers each of the Clark factors, "[o]bviously, some of them will be more relevant to some type of cases, less to other types." Ferren v. General Motors Corp., 137

5

N.H. 423, 425, 628 A.2d 265, 267 (1993) (quoting Clark, 107 N.H.
at 353-54, 222 A.2d at 208).


I.   Predictability of Results

    The first factor, predictability of results,

    basically relates to consensual transactions, in which
    it is important that parties be able to know in advance
    what law will govern a transaction . . . Reliance upon
    a predictable choice of law protects the justifiable
    expectations of the parties[, and] . . . assures
    uniformity of decision regardless of forum.

Ferren, 137 N.H. at 426, 628 A.2d at 267-68 (quoting Clark, 107

N.H. at 354, 222 A.2d at 208).  Application of this factor

"emphasizes the importance of applying to the parties' bargain or

other dealings the law which they agreed to rely at the outset."

Keeton, 131 N.H. at 17, 549 A.2d at 1194.  In Ferren, the court

ruled that a lead paint liability case brought by a New Hampshire

resident should be governed by Kansas law where the alleged

exposure occurred in the context of an employment relationship

"entered into and carried out in full" in Kansas.  137 N.H. at

426, 628 A.2d at 268 (responding to question certified by federal

district court).  Thus, for purposes of the predictability factor

the "underlying factual basis" of a lawsuit may command greater

weight than the long time residence of the plaintiff or the place

where the harm ultimately manifested itself.  See id.

The defendant argues that the magistrate judge did not adequately address this factor. Defendant's Objection at ¶ 2. The plaintiffs respond that the factor is inapplicable because there is "no consensual transaction between plaintiffs and defendant" and, alternatively, defendant should have foreseen that it would be subject to Massachusetts law. Plaintiffs' Memorandum of Law in Opposition to Defendant's Objection ("Plaintiffs' Memorandum") at 3-4.

The gravamen of the plaintiffs' lawsuit is that the defendant is liable, under a variety of theories, for its conduct relative to the sale of an overly powerful outboard motor for use on the boat which collided with the decedent. Thus, although the ultimate harm in this case manifested itself in Massachusetts and involved residents of that and other states, the underlying basis for this lawsuit -- the purchase and sale of goods -- is a consensual transaction which was initiated and completed in New Hampshire. New Hampshire merchants can reasonably and justifiably predict that New Hampshire law will govern their actions, particularly when conducted entirely in this state. The absence of a written choice of law provision and the fact that twenty percent of the defendant's customers were Massachusetts residents does not seriously undermine this conclusion. The court finds that the predictability of results factor, more than any other of

7

the Clark factors, strongly favors the application of New Hampshire substantive law.

## II.   Maintenance of Reasonable Orderliness and Good Relationships Among the States in the Federal System

The second factor, reasonable orderliness and good relationships among the states, requires the court to apply the substantive law of a state which has a "substantial connection with the total facts and with the particular issue being litigated." Ferren, 137 N.H. at 426-27, 628 A.2d at 268 (quoting Clark, 107 N.H. at 354, 222 A.2d at 208); see Keeton, 131 N.H. at 18, 549 A.2d at 1194.  Implicit in the application of this factor is that, depending on the circumstances, more than one state may maintain a substantial connection with a case such as to satisfy this factor.  See id.

The plaintiffs correctly argue that Massachusetts has a substantial interest in the litigation of any case involving a boating accident within her state borders which resulted in death and harm to her residents.  See Plaintiffs' Memorandum at 4.  However, the disputed issues in this lawsuit focus on the business conduct of a New Hampshire merchant in New Hampshire.  New Hampshire has a substantial interest in monitoring and regulating the business practices and potential liabilities of its residents.  See Ferren, 137 N.H. at 426-427, 628 A.2d at 268

8

(Kansas has substantial connection with lawsuit based on con-sensual relationship consummated in Kansas even where injuries arose in New Hampshire).  The court finds that New Hampshire has a more substantial interest in the application of its law notwithstanding the fact that Massachusetts may also have a substantial interest.  The court rules that the second Clark factor also favors application of New Hampshire law.

III. Simplification of the Judicial Task

The third factor, simplification of the judicial task, requires the forum court to determine whether it would be easier "to apply its own substantive law than another state's law, because it understands its own law better and therefore can do a better job of administering justice under it."  Clark, 107 N.H. at 354, 222 A.2d at 208.

The conflict of law in this case involves the question of which state's wrongful death statute applies.  Although the court is naturally more familiar with the New Hampshire statute, there is nothing particularly esoteric about its Massachusetts analogue.  The court finds that this Clark factor has little significance as it could properly administer either statute. See, e.g., Middleton, No. 92-589-B, slip op. at 9 (D.N.H. Jan. 5, 1995).

IV.  Advancement of Forum's Governmental Interest

The fourth factor, advancement of the forum state's govern-mental interest, requires the court to examine the competing bodies of substantive law and determine whether application of another state's law would compromise or contravene New Hampshire's interests and public policies.  See, e.g., Ferren, 137 N.H. at 428, 628 A.2d at 268-89.

The plaintiffs correctly assert that in a general sense the wrongful death statutes of both states "reflect the same policy of providing compensation for wrongful death."  Plaintiffs' Memorandum at 5.  However, the parties do not challenge the magistrate judge's ruling that the states promote this common goal in two different manners, with the Massachusetts statute allowing both compensatory and punitive damages while the "primary interest" of New Hampshire's statute is compensatory. Quinn v. Owen's Marine, Inc., No. 93-247-JD, pretrial order at 6-7 (D.N.H. Aug. 16, 1994).

In addition to providing compensation for wrongful death, New Hampshire has a substantial interest in regulating the business practices and potential liabilities of its commercial residents.  See discussion, supra, pp. 8-9.  This interest is not limited to the application of statutes directly regulating

10

commercial conduct, such as the Uniform Commercial Code, but also extends to other laws which affect the rights and potential liabilities faced by New Hampshire merchants in the course of conducting business in this state. The application of the New Hampshire statute serves two important state interests. First, it would allow recovery for wrongful death. Second, it would shield merchants from the expansive punitive damage theories of other states in cases involving business dealings conducted entirely in New Hampshire. The court finds that the fourth Clark factor favors the application of New Hampshire law because this will promote the forum's governmental interest without seriously contravening that of Massachusetts.

V.    The Court's Preference for the Sounder Rule of Law

The final factor, the sounder rule of law, requires the court to examine the competing bodies of substantive law and to select the "better rule" to govern the case at bar. E.g., Clark, 107 N.H. at 355, 222 A.2d at 209. This factor encourages New Hampshire courts to take advantage of a conflicts of law situation to avoid application of "obsolete or senseless" doctrine. Id.

Massachusetts has adopted a statute which allows for broader recovery than that permitted under New Hampshire law. Neither

11

statute, if applied, would yield a senseless or obsolete result. The court does not consider the final <u>Clark</u> factor to be significant in the chemistry of this choice of law analysis.

Conclusion

The court finds the magistrate judge's choice of law analysis to be contrary to applicable law. The court has undertaken its own analysis consistent with <u>Clark v. Clark</u> and its progeny and rules that the substantive law of New Hampshire should govern this lawsuit. The defendant's motion under Rule 72(a) (document no. 58) is granted and the magistrate judge's August 16, 1994, legal rulings are set aside except where consistent with this order.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

April 26, 1995

cc:  John T. Broderick, Jr., Esquire
     Stephen L. Tober, Esquire
     Cheryl M. Hieber, Esquire