Coos
No. 98-321

### REJEAN LESSARD

v.

### RUTH MARY CLARKE

### LUCIEN LAMBERT, ADMINISTRATOR OF THE ESTATE OF FRANCOISE LAMBERT

v.

### RUTH MARY CLARKE

May 14, 1999

*Perkins, Phillips & Puckhaber*, P.A., of Concord (*Roger B. Phillips* on the brief and orally), for the plaintiffs.

*Orr & Reno, P.A.*, of Concord (*Jill K. Blackmer & a.* on the brief, and *Ms. Blackmer* orally), for the defendant.

PER CURIAM. The plaintiffs, Rejean Lessard and Lucien Lambert as administrator of the estate of Francoise Lambert, bring this interlocutory appeal from an order of the Superior Court (*Smith,* J.), *see* SUP. CT. R. 8, holding that Ontario law applies to the issue of damages resulting from a motor vehicle accident. We affirm and remand.

The pertinent facts follow. On July 12, 1994, Rejean Lessard and Francoise Lambert were involved in a motor vehicle accident with the defendant, Ruth Mary Clarke, in Shelburne, New Hampshire. The plaintiffs filed suit, alleging that the defendant's car crossed the solid yellow line and collided head on with Lessard's motorcycle, killing Lambert and seriously injuring Lessard. All parties involved in the accident were residents of Ontario, Canada. Both the motorcycle and the automobile involved in the accident were registered in Ontario.

At the time of the accident, Ontario had a no-fault insurance system which the parties agree would provide less potential benefits to the plaintiffs than New Hampshire damages law. The defendant filed a motion regarding choice of law, arguing that Ontario law should apply to the issue of damages. The superior court granted the defendant's motion, and the plaintiffs brought this interlocutory appeal.

Conflict of law cases are governed by the choice-influencing considerations we adopted in *Clark v. Clark*, 107 N.H. 351, 222 A.2d 205 (1966). *See Ferren v. General Motors Corp.*, 137 N.H. 423, 425, 628 A.2d 265, 267 (1993).

> These considerations are: (1) predictability of results; (2) maintenance of reasonable orderliness and good relation-ship among the States in our federal system; (3) simplifi-cation of the judicial task; (4) advancement by the court of its own State's governmental interests rather than those of other States; and (5) the court's preference for what it regards as the sounder rule of law.

*Id.* "Obviously, some of them will be more relevant to some types of cases, less to other types." *Clark*, 107 N.H. at 353-54, 222 A.2d at 208. We review each consideration in turn.

"Predictability of results relates primarily to consensual transac-tions, in which it is important that parties be able to know in advance what law will govern a transaction so that they can plan it

accordingly." *LaBounty v. American Insurance Co.*, 122 N.H. 738, 742, 451 A.2d 161, 163 (1982) (quotation omitted). This consideration has little relevance in accident cases because they are not planned. *See Clark*, 107 N.H. at 354, 222 A.2d at 208. The plaintiffs argue that had the parties sought advice of counsel prior to traveling, they would have discovered that Ontario's choice of law analysis follows *lex loci delicti*, the law of the place of the wrong. The defendant argues that had the parties considered the possibility of an accident and its repercussions, their expectations would have predicted the application of Ontario law. We conclude that there are no reasonable expectations of the parties to be protected through application of either jurisdiction's law. It is doubtful that the parties considered this matter at all.

A second consideration, the maintenance of reasonable orderliness and good relationship among the States in our federal system, requires no more "than that a court apply the law of no state which does not have substantial connection with the total facts and with the particular issue being litigated." *Clark*, 107 N.H. at 354, 222 A.2d at 208. This consideration focuses on the relationship among the States in our federal system. Ontario is a province of Canada. The parties, however, do not contest whether this consideration is applicable to this case. Assuming without deciding whether this consideration is applicable in an international case, we conclude that it favors the application of Ontario law.

The plaintiffs argue that New Hampshire has the most substantial connection with the total facts of this case and with the particular issue being litigated because: (1) the accident occurred within the State; (2) New Hampshire police officers and rescue personnel responded to the accident scene; and (3) the post-accident investigations were conducted by State authorities. We disagree. These facts go to the issue of liability, not damages. Other than the fortuitous occurrence of the accident within New Hampshire, the plaintiffs fail to show a substantial connection between New Hampshire and the parties on the issue of damages. In comparison, Ontario is where all the individuals involved in the accident reside, where both vehicles were registered, where the decedent Lambert's estate is situated, and where plaintiff Lessard continues to receive medical treatment and benefits. Accordingly, we conclude that this consideration favors the application of Ontario law.

A third consideration is the simplification of the judicial task. The plaintiffs argue that due to the complexity of Ontario damages law, the simplification of the judicial task is furthered by applying New Hampshire law. The plaintiffs point out that the record contains an

affidavit by the defendant's own Canadian counsel which states that "the Ontario no-fault insurance regime is very complex." While it may be simpler for a court to apply its own substantive law, we cannot say that Ontario's damages law is so complex as to outweigh opposing considerations. *See Ferren*, 137 N.H. at 427, 628 A.2d at 268. "This is especially true whereby the forum court applies its own procedural laws even when the case before it is governed by another State's substantive law." *Id.*

A fourth consideration is the advancement by the court of its own State's governmental interest. The plaintiffs argue that New Hampshire has an important interest in regulating the safety of its highways. We are deciding, however, which law to apply on the issue of damages, not liability. Application of Ontario's no-fault law will not encourage careless driving on New Hampshire highways since the driver's own safety is jeopardized by such negligence. *See Johnson v. Johnson*, 107 N.H. 30, 32, 216 A.2d 781, 783 (1966). The plaintiffs further argue that New Hampshire has an interest in providing compensation for persons injured on its highways. Ontario damages law, however, does provide compensation to the plaintiffs for their injuries, although admittedly less than New Hampshire law would potentially allow.

The plaintiffs have not identified particular "strong policy concerns" underlying New Hampshire's tort damages law which Ontario law fails to achieve, *e.g.,* compensation for tort victims. Therefore, New Hampshire's interest in this case is limited to "the fair and efficient administration of justice." *Clark*, 107 N.H. at 355, 222 A.2d at 208-09. Application of Ontario damages law will not impair this interest, especially considering that New Hampshire will apply its own procedural law. Accordingly, this consideration weighs in favor of Ontario law.

A final consideration is the court's preference for what it regards as the sounder rule of law. *Clark*, 107 N.H. at 355, 222 A.2d at 209. The plaintiffs argue that New Hampshire has the sounder rule of law because Ontario's no-fault insurance system was substantially abandoned in November 1996 for one that more closely resembles New Hampshire law. The plaintiffs further note that the New Hampshire legislature has rejected a no-fault insurance system after considering it on numerous occasions. Regardless of the differences of law between the jurisdictions, the purpose of both is to provide compensation for injured individuals. After careful consideration, we cannot conclude that New Hampshire damages law is "wiser, sounder, and better calculated to serve the total ends of justice" in the controversy before us than the competing law of

Ontario. *Benoit v. Test Systems*, 142 N.H. 47, 53, 694 A.2d 992, 996 (1997) (quotation omitted).

After weighing the five choice-influencing considerations, we hold that the law of Ontario applies to the issue of damages.

*Affirmed and remanded.*

All concurred.