Gray v. St. Martins Press          CV-95-285-M    06/08/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


<u>Robert K. Gray</u>,
     Plaintiff

v.                                          Civil No. 95-285-M

<u>St. Martin's Press, Inc.</u>
<u>and Susan Trento</u>,
     Defendants


<u>**O R D E R**</u>

In this defamation action plaintiff seeks to recover damages for injuries sustained as a result of defendants' publication of four allegedly defamatory statements in <u>The Power House</u>, a book authored by Susan Trento and published by St. Martin's Press. The current dispute between the parties involves a choice of law question.


At the final pretrial conference the parties raised this dispute.  Because trial was scheduled to commence shortly, the court asked counsel to expeditiously file legal memoranda addressing the choice of law question, which has been done.


**Discussion**

Gray, who resided in Virginia when <u>The Power House</u> was published, alleges that the law of the District of Columbia should govern both his claims and the extent to which he may recover damages.  In the alternative, Gray asserts that the court

should apply Virginia law in determining defendants' liability (if any) and the damages to which he is entitled.

Trento, a resident of Virginia, and St. Martin's Press, a corporation organized under the laws of New York with a principal place of business in New York City, assert that plaintiff's claims should be governed by the substantive law of Virginia, but that his entitlement to damages should be governed by New Hampshire law (defendants have failed to explain the legal basis for their position, but it is likely found in the fact that New Hampshire law does not provide for punitive damages).

When making choice-of-law determinations, a federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which it sits. See Crellin Technologies, Inc. v. Equipmentlease Corp., 18 F.3d 1, 4 (1st Cir. 1994) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 491 (1941)). Because New Hampshire is the forum state, its choice of law principles govern.

In 1966, the New Hampshire Supreme Court joined the then-current trend in American jurisprudence by rejecting the principle of lex loci and adopting a five part test to assist courts in resolving choice of law questions. See Clark v. Clark, 107 N.H. 351 (1966). The five factors identified by the Court for consideration are:

(1) predictability of results; (2) maintenance of reasonable orderliness and good relationship among the States in our federal system; (3) simplification of the judicial task; (4) advancement by the court of its own State's governmental interests rather than those of other States; and(5) the court's preference for what it regards as the sounder rule of law.

Ferren v. General Motors Corp., 137 N.H. 423 425 (1993) (citing Clark v. Clark, supra).  Those factors are substantially similar to the factors set forth in section 6 of the Restatement (Second) Conflict of Laws.  See also Restatement (Second) Conflict of Law, § 145.  And, in cases such as this, in which a plaintiff seeks to recover in a single action for damages sustained as a result of allegedly defamatory statements which were published in several jurisdictions, the Restatement provides:

(1)  The rights and liabilities that arise from defamatory matter in any one edition of a book or newspaper, or any one broadcast over radio or television, exhibition of a motion picture, or similar aggregate communication are determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2)  When a natural person claims that he has been defamed by an aggregate communication, the state of most significant relationship will usually be the state where the person was domiciled at the time, if the matter complained of was published in that state.

Restatement (Second) Conflict of Laws, § 150.

Applying the principles articulated by the New Hampshire Supreme Court, as well as those identified in the Restatement,

3

the court concludes that the parties' dispute (as to both liability and the availability of damages) is most appropriately governed by the law of the Commonwealth of Virginia. At the time the allegedly defamatory statements were published, plaintiff was a resident of Virginia, as was defendant, Susan Trento. The adverse impact upon plaintiff's reputation as a result of those statements was likely the greatest in Virginia (concededly plaintiff likely also suffered substantial injury in the District of Columbia, where he rendered many of his professional services). Additionally, Trento performed much of her research for the book in Virginia, and many of the parties whom she interviewed lived in Virginia.

New Hampshire, on the other hand, has little (if any) connection to any party. New Hampshire provides the forum for this suit simply because: (1) some copies of The Power House were sold in New Hampshire; and (2) New Hampshire's relevant statute of limitations is longer than that of most other forums. Accordingly, there is no sound foundation upon which to rest a decision to apply New Hampshire's substantive law of defamation. There is even less reason to conclude, as defendants suggest, that only its law concerning damages should apply to this action. Cf. Lessard v. Clarke, ___ N.H. ___, 1999 WL 301255 (May 14, 1999) (concluding that in a case arising out of a motor vehicle collision in New Hampshire between two vehicles owned and

4

operated by Canadian residents, Canada's law of damages applied).

There is certainly some connection between the parties (and the allegedly defamatory statements) and the District of Columbia.  Nevertheless, the court is persuaded that: (1) there are more substantial connections with the Commonwealth of Virginia; and (2) Virginia has a greater interest in seeing that its law is applied in resolving this dispute than does the District of Columbia.  Accordingly, applying the factors identified by the New Hampshire Supreme Court, as well as those set forth in the Restatement, the court concludes that Virginia law applies to this case.

## Conclusion

While plaintiff would prefer that the court apply the law of the District of Columbia, he concedes that it may properly apply Virginia law.  Defendants seem to agree, at least with regard to the question of liability.  And, because defendants have advanced no reasoned basis for the court to apply New Hampshire's law of damages (other than the advantage of avoiding punitive damages), the court declines their invitation to do so.

Plaintiff's entitlement to judgment and, if appropriate, damages, shall be determined in accordance with the law of the Commonwealth of Virginia.

5

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 8, 1999

cc:  James G. Walker, Esq.
     Cletus P. Lyman, Esq.
     William L. Chapman, Esq.
     John C. Lankenau, Esq.
     Steven M. Gordon, Esq.
     Seth L. Rosenberg, Esq.
     Mark D. Balzli, Esq.