Hillsborough-northern judicial district
No. 2008-930

FOG MOTORSPORTS #3, INC.

v.

ARCTIC CAT SALES, INC.

Argued: June 11, 2009
Opinion Issued: August 21, 2009

*Devine, Millimet & Branch, P.A.*, of Manchester (*Steven E. Grill* and *Leigh S. Willey* on the brief, and *Mr. Grill* orally), for the plaintiff.

*Robins, Kaplan, Miller & Ciresi L.L.P.*, of Boston, Massachusetts (*Alexander G. Henlin* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

DALIANIS, J. The plaintiff, FOG Motorsports #3, Inc. (FOG), appeals an order of the Superior Court (*O'Neill*, J.) granting a motion to dismiss by the defendant, Arctic Cat Sales, Inc (Arctic Cat). We vacate and remand.

FOG entered into a dealership agreement with Arctic Cat, a manufacturer of snowmobiles, on July 1, 2005. The agreement included a forum selection clause:

> Any claim, action, or other dispute between the parties as to the terms of the Agreement, or as to the performance or nonperformance of either party under the Agreement, or as to any other matter arising out of the parties' relationship, shall be resolved by the State and Federal Courts of the State of Minnesota.

The agreement also included a choice of law clause, stating that the agreement "shall be governed, interpreted, and construed under the laws of the State of Minnesota, excluding that body of law known as the choice of laws." The agreement further provided that in the event that the relationship between FOG and Arctic Cat was terminated, Arctic Cat had the option, but not the obligation, to repurchase any of FOG's remaining Arctic Cat inventory. In April 2007, FOG terminated its relationship with Arctic Cat. Arctic Cat refused to repurchase FOG's remaining inventory.

In November 2007, FOG commenced an action against Arctic Cat to enforce its rights under RSA chapter 357-C (2009) (Dealership Act) and to recover damages. Arctic Cat moved to dismiss, arguing that FOG is required to litigate its claims in Minnesota pursuant to the forum selection clause of the agreement. FOG objected, contending that the parties' agreement and ensuing relationship are governed by the Dealership Act.

The trial court ruled that even if the Dealership Act applied to the parties' agreement, the forum selection clause was enforceable. Accordingly, it dismissed the case without needing to decide whether the Dealership Act, in fact, applied to the parties' agreement and whether the choice of law provision was enforceable. FOG appealed, arguing that the Dealership Act renders the forum selection clause unenforceable. We too assume, without deciding, that the Dealership Act applies and determine whether it renders the forum clause unenforceable.

Resolving this issue requires that we interpret the Dealership Act. We review the trial court's statutory interpretation *de novo*. *In re Kirsten P.*,

158 N.H. 158, 160 (2008). In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. *Id.* When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* We also interpret a statute in the context of the overall statutory scheme and not in isolation. *Liam Hooksett, LLC v. Boynton,* 157 N.H. 625, 628 (2008).

■■ "New Hampshire has, by statute, sanctioned the enforcement of forum selection clauses provided that the parties have agreed in writing that an action shall be brought only in another state." *Strafford Technology v. Camcar Div. of Textron,* 147 N.H. 174, 176 (2001) (quotation and ellipses omitted); *see* RSA 508-A:3 (1997). "Even in these instances, a forum selection clause that confers exclusive jurisdiction may still be unenforceable if enumerated statutory exceptions apply." *Strafford Technology,* 147 N.H. at 176; *see* RSA 508-A:3. In particular, a court may not enforce a forum selection clause where it "is *required* by statute to entertain the action." RSA 508-A:3, I (emphasis added). Here, the Dealership Act does require that a New Hampshire forum entertain an action brought pursuant to the Dealership Act.

RSA 357-C:6, III provides that

> Every new selling agreement . . . between a motor vehicle dealer and a manufacturer or distributor shall include, and if omitted, shall be presumed to include, the following language: 'If any provision herein contravenes the valid laws or regulations of the state of New Hampshire, such provision shall be deemed to be modified to conform to such laws or regulations; or if any provision herein . . . denies or purports to deny access to the procedures, forums, or remedies provided for by such laws or regulations, such provisions shall be void and unenforceable; and all other terms and provisions of this agreement shall remain in full force and effect.

Additionally, RSA 357-C:2 provides: "Any person who engages directly or indirectly in purposeful contacts within this state in connection with the offering or advertising for sale of, or has business dealings with respect to, a motor vehicle within the state *shall* be subject to the provisions of this chapter and the jurisdiction of the courts of this state." (Emphasis added.)

■ We interpret RSA 357-C:6, III and RSA 357-C:2 to require that a New Hampshire forum, including the superior court, entertain any action

brought under the Dealership Act and to render unenforceable any forum selection clause that would prevent it from so doing. Thus, we hold that the trial court erred in dismissing FOG's suit. Based upon our holding, we remand to the trial court to determine whether the parties' choice of law clause is enforceable. *See Lessard v. Clarke*, 143 N.H. 555, 556 (1999) (courts must consider: "(1) the predictability of results; (2) the maintenance of reasonable orderliness and good relationships among the States in our federal system; (3) simplification of the judicial task; (4) advancement by the court of its own State's governmental interests rather than those of other States; and (5) the court's preference for what it regards as the sounder rule of law" (quotation omitted)). If it is not, the trial court shall also determine whether the Dealership Act applies to the parties' agreement.

*Vacated and remanded.*

BRODERICK, C.J., and DUGGAN and HICKS, JJ., concurred.