**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0648, <u>Funding Circle USA, Inc. v. Robert Bigos & a.</u>, the court on June 7, 2018, issued the following order:**

Having considered the brief and reply brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Compass Systems & Programming, Inc. and its president, Robert Bigos, appeal an order of the Superior Court (<u>Anderson</u>, J.) granting summary judgment in favor of the plaintiff, Funding Circle USA, Inc. On appeal, the defendants do not challenge the trial court's determinations that there is no genuine dispute of material fact, and that the plaintiff is entitled to judgment as a matter of law. <u>See</u> RSA 491:8-a, III (2010). Instead, they contend that the trial court should have dismissed the case pursuant to RSA 508-A:3 (2010) for failure to comply with a forum selection clause.

The purported "forum selection clause," relied upon by the defendants, provides, in its entirety, as follows:

> **CALIFORNIA CHOICE OF LAW; EFFECT OF INVALIDITY OF PROVISIONS**. THE INTERPRETATION, SERVICING AND ENFORCEMENT OF THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS AND ANY AND ALL MATTERS IN DISPUTE BETWEEN BORROWER AND LENDER, WHETHER (A) ARISING OUT OF OR RELATING TO THIS AGREEMENT, (B) ARISING FROM ALLEGED EXTRA-CONTRACTUAL FACTS PRIOR TO, DURING, OR SUBSEQUENT TO THIS AGREEMENT, INCLUDING, WITHOUT LIMITATION, FRAUD, MISREPRESENTATION, NEGLIGENCE OR ANY OTHER ALLEGED TORT OR VIOLATION OF THE CONTRACT, OR (C) OTHERWISE ARISING OUT OF OR RELATING TO THE RELATIONSHIP OF BORROWER AND LENDER, SHALL BE GOVERNED BY, CONSTRUED, AND ENFORCED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF CALIFORNIA, EXCLUDING THE CHOICE OF LAW PROVISIONS THEREOF, REGARDLESS OF THE LEGAL THEORY UPON WHICH SUCH MATTER IS ASSERTED OR THE LOCATION OF BORROWER. BORROWER UNDERSTANDS AND AGREES THAT (D) LENDER IS LOCATED IN AND CONDUCTS ITS BUSINESS IN CALIFORNIA, (E) LENDER MAKES ALL CREDIT DECISIONS FROM LENDER'S OFFICE IN CALIFORNIA, (F) THE LOAN IS MADE IN

CALIFORNIA AND NO BINDING CONTRACT WILL BE FORMED UNTIL LENDER RECEIVES AND ACCEPTS THE NOTE IN CALIFORNIA, (G) BORROWER'S PAYMENTS ARE NOT ACCEPTED UNTIL RECEIVED BY LENDER IN CALIFORNIA, AND (H) THE LOAN IS MADE UNDER AND PURSUANT TO LENDER'S LICENSE AS A FINANCE LENDER UNDER THE CALIFORNIA FINANCE LENDERS LAW (LICENSE NO. 6054785), WHICH LAW PROVIDES AMONG OTHER THINGS THAT LENDER IS EXEMPT FROM THE LIMITS ON INTEREST OF THE CALIFORNIA USURY LAW. BORROWER UNDERSTANDS THAT BORROWER'S AGREEING TO THE APPLICABILITY OF CALIFORNIA LAW IS A MATERIAL FACTOR IN LENDER'S WILLINGNESS TO ENTER INTO THIS AGREEMENT. If any provision in this Agreement is deemed unenforceable or illegal by a court of competent jurisdiction, then the offending words will be stricken and all remaining provisions shall remain in full force and effect.

The trial court concluded that, contrary to the defendants' argument, this provision "is a choice of law provision that would likely require this Court to apply California law but does not deprive this Court of jurisdiction."

We review the trial court's interpretation of the contract de novo. See McDonough v. McDonough, 169 N.H. 537, 541 (2016). A "forum selection" clause is a provision of a contract "establishing the place (such as the country, state, or type of court) for specified litigation" of future disputes between the contracting parties, whereas a "choice of law" clause "designate[s] the jurisdiction whose law will govern" such disputes. Black's Law Dictionary 294, 770 (10th ed. 2014). Cf., e.g., Fog Motorsports #3 v. Arctic Cat Sales, 159 N.H. 266, 267 (2009) (quoting both a forum selection clause and a choice of law clause in a contract). Nothing in the plain meaning of the language used in the above-quoted provision, see McDonough, 169 N.H. at 541, establishes any place where future disputes will be litigated. Rather, the provision merely specifies that California law will govern any future disputes. Accordingly, the trial court correctly concluded that the provision is a choice of law provision, and not a forum selection provision. RSA 508-A:3, therefore, does not apply.

In light of this order, the plaintiff's request that we dismiss the appeal is moot.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**