Rockingham,
June 28, 1945. } No. 3537.

JULIUS BALCUS *v.* LEXINGTON SHOE COMPANY, INC.

SAME *v.* STERLING EXPRESS COMPANY, INC.

*McLane, Davis & Carleton, Arthur A. Greene, Jr.* and *Robert P. Bingham (Mr. Bingham* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Booth* orally), for the defendant Lexington Shoe Company, Inc.

*Walter M. Espovich* (of Massachusetts), and *J. Morton Rosenblum* (*Mr. Rosenblum* orally), for the Sterling Express Company, Inc.

BRANCH, J. There was evidence from which the following facts might be found. The defendant Lexington Shoe Company, having decided to move its factory from its old location on Silver Street in Manchester to a new location in the Amoskeag yard, made an arrangement with the Sterling Express Company by which the Sterling Express Company agreed to move all the machinery from the old location to the new at a fixed price of $175. In pursuance of this agreement the Sterling Express Company provided a truck and an experienced driver. It was understood that the employees of the Lexington Shoe Company were to remove the machines from their old location and install them in the new, only the supervising of the work of loading them onto the truck of the Sterling Express Company, transporting them to the new location, a distance of three-quarters of a mile, and there supervising their unloading being undertaken by the express company.

The plaintiff, an employee of the Lexington Shoe Company, was directed by his employer to ride in the truck from the new factory location back to the old for the purpose of assisting in loading some racks for transportation to the new factory. The truck was not designed for carrying passengers, and during the trip the plaintiff was forced to stand holding onto the side of the truck for support. He was injured by the sudden stopping of the truck in obedience to a traffic signal at an intersection of streets, findably through the negligence of the truck driver.

The defendant Sterling Express Company seeks to avoid liability for the conduct of the truck driver by an application of the "borrowed servant" rule. It contends that it merely furnished the truck and driver to the Lexington Shoe Company to use as it saw fit in the contemplated moving operation and thereby surrendered all control over and responsibility for the conduct of the truck driver to the Shoe Company. This contention cannot be adopted. The managers of the two corporations gave conflicting testimony in regard to the terms of the agreement between them which raised an issue of fact for the jury with reference to the status of the driver. It should have been submitted to the jury under proper instructions and the action of the trial Court in undertaking to decide this issue as a matter of law was error.

It appears from the reserved case that "all issues of the defendant

Lexington Shoe Company's liability excepting those of the safety of the plaintiff's workplace and the defendant's failure to warn were withdrawn from the jury's consideration. The defendent Lexington Shoe Company excepted to the refusal of the Court to withdraw these two issues from the jury." So far as this ruling withdrew other issues from the jury, it was correct upon the evidence. Whether there was evidence requiring the submission of the issues of the safety of the plaintiff's workplace and the defendant's failure to warn, remains to be considered.

The plaintiff's position is thus stated in his brief: "If reasonable inquiry had been made by the master, it would have learned that this vehicle was equipped with brakes especially designed to handle five or six ton loads, but that, when the truck was empty, except for standing passengers, their application would probably result in a very sudden stop." It "likewise was obliged to anticipate and to know that . . . [its] shoeworkers without experience in the operation of such trucks, unless notified of the special dangers by reason of the combination of an unloaded truck and these particular brakes were likely to be injured." We are unable to accept this line of reasoning. The brakes on the truck were not defective. On the contrary they were described by the driver as being "perfect." A truck thus equipped is not inherently dangerous. "There is nothing inherently dangerous about an automobile, any more than about an axe. Both are harmless so long as no one attempts to use them, and both are likely to injure those who come in contact with them when they are used for the purpose for which they were intended." *Danforth* v. *Fisher*, 75 N. H. 111, 112. So long as this truck was operated with reasonable care it was perfectly safe for the plaintiff to ride in it, and there was no evidence to charge the Shoe Company with knowledge that the driver was likely to operate it in a dangerous manner. Of the ordinary dangers incident to standing in a moving truck, the plaintiff was fully informed. He testified that he always knew that one had to hold on when standing on a truck in order to keep from falling down. When asked in his deposition if he needed to have anybody tell him to hold on, his reply was, "Why should anybody tell me. I know that I have to hold on." Under these circumstances it could not be found that the defendant was at fault for requiring the plaintiff to ride in the truck or for failing to warn him that it was equipped with powerful brakes. The defendant's exception to the submission of these issues to the jury is, therefore, sustained.

The sole cause of the accident was the conduct of the driver. If he were found to be a servant of the Lexington Shoe Company, he was clearly a fellow servant of the plaintiff for whose negligence the Lexington Shoe Company was not responsible. There should, therefore, be judgment for that defendant. If the jury shall find that the driver was the servant of the Sterling Express Company and that his conduct was negligent, there may be judgment against that company alone.

*Judgment for the defendant, Lexington Shoe Company, Inc.;*
*New trial as to the defendant, Sterling Express Company, Inc.*

MARBLE, C. J., was absent: the others concurred.