Merrimack,
May 6, 1947. } No. 3643.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

*v.*

HENRY B. CANNON, JR., & a.

*Devine & Millimet* (by brief), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey,* for the defendant Henry B. Cannon, Jr., filed no brief.

*Murchie & Murchie,* for the defendant Mudgett, filed no brief.

*Robert W. Upton,* for the defendants, Priscilla Hutchinson, Willis C. Hutchinson and Emma C. Hutchinson, filed no brief.

BRANCH, C. J. This case is governed by the so-called "borrowed servant" rule which has been stated as follows: "When one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him. In other words, the servant of A may, for a particular purpose or on a particular occasion, be the servant of B, though he continues to be the general servant of A and is paid by him for his work." 1 Labatt, Master & Servant, *s.* 57.

The finding which the Court embodied in its order that "coverage included use of auto by McFarland" presupposes a further finding that, for the particular purpose and on the particular occasion in question, McFarland was acting as the servant of the defendant Cannon. This was a question of fact (*Balcus* v. *Company*, 93 N. H. 428, 429) upon which the finding of the Trial Court cannot be disturbed if there is evidence to sustain it. We think that the evidence in regard to the employment of McFarland by Mrs. Cannon is susceptible of the interpretation which the Trial Court placed upon it, and the plaintiff's exception is, therefore, overruled.

*Judgment for the defendants.*

BLANDIN, J., did not sit: JOHNSTON, J., dissented: the others concurred.