Dennis LaVallie

v.

Simplex Wire and Cable Company

June 25, 1992

*Fisher, Willoughby & Durand,* of Dover (*Karl O. Durand* and *Robert E. Fisher* on the brief, and *Mr. Fisher* orally), for the plaintiff.

*Holland, Donovan, Beckett & Hermans,* of Exeter (*Stephen G. Hermans* on the brief and orally), for the defendant.

*Taylor, Keane, Blanchard, Lyons & Watson, P.A.,* of Portsmouth (*John K. Bosen* and *Thomas R. Watson* on the brief), by brief for Alice C. Salzano, as *amicus curiae.*

*Shaines & McEachern, P.A.,* of Portsmouth (*Paul McEachern* on the brief), by brief for Browning-Ferris Industries of New Hampshire, Inc., as *amicus curiae.*

BATCHELDER, J.   In August 1989, the plaintiff, Dennis LaVallie, was employed by National Engineering Service Corp. (NESC), a firm which supplies short-term labor to other businesses. The defendant, Simplex Wire and Cable Company (Simplex), operated a plant in Newington at which the plaintiff accepted an assignment. While working at Simplex's site, the plaintiff sustained an injury for which he received workers' compensation from NESC. He then brought a negligence action against Simplex. The Superior Court (*Nadeau,* J.) granted summary judgment for the defendant on the basis that LaVallie was a borrowed servant at the time of his injury and his status as such protected Simplex from a suit for negligence because of the immunity granted under RSA 281-A:8, I (Supp. 1991). We affirm.

The plaintiff raises four issues on appeal: (1) that the "borrowed servant" rule does not apply in this case; (2) that, even if the doctrine applies, he was not a borrowed servant of Simplex and therefore the workers' compensation statute does not bar a tort action against the defendant; (3) that to the extent the statute bars his suit, it is unconstitutional under the Federal and State Constitutions; and (4) that because NESC, not Simplex, contracted to provide the workers' compensation coverage for him, Simplex cannot take advantage of the partial immunity granted by the statute. We find that the borrowed servant doctrine applies, that the trial court's determination that LaVallie was an employee of Simplex was not in error, that the

statute as applied does not violate either Constitution, and that the defendant made sufficient insurance arrangements.

The borrowed servant rule states:

> "'When one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him. In other words, the servant of A may, for a particular purpose or on a particular occasion, be the servant of B, though he continues to be the general servant of A and is paid by him for his work.'"

*Indemnity Ins. Co. v. Cannon*, 94 N.H. 319, 320, 52 A.2d 855, 856 (1947) (quoting 1 LABATT, MASTER & SERVANT § 57); *see also Gagnon v. Dana*, 69 N.H. 264, 39 A. 982 (1897).

■ The plaintiff and *amicus curiae* Salzano urge us, for policy reasons, not to apply the rule in the present context. However, we have said before that the borrowed servant rule "has full application to the master and servant relation under [workers'] compensation laws . . . ." *Bisson v. Air Service*, 91 N.H. 73, 76, 13 A.2d 821, 823 (1940) (quotation omitted). In *Bisson*, we found that the business to which the employee was lent was liable under New Hampshire's workers' compensation law. *Id.* This case presents the inverse situation. Here the lending employer has provided the necessary workers' compensation coverage and the borrowing employer seeks protection from liability claims. Under *Bisson*, Simplex was obligated to provide for workers' compensation insurance for the plaintiff, and concomitant with this obligation is the benefit of immunity from employee tort suits as provided in RSA 281-A:8 (Supp. 1991).

■ We next consider whether the plaintiff was an employee of Simplex. In view of our finding that the borrowed servant doctrine applies, if the plaintiff was an employee of Simplex at the time of his injury, he cannot sue Simplex in tort, RSA 281-A:8 (Supp. 1991). Only if he was not an employee of Simplex, may he maintain such a suit. The determination of this issue depends on the facts of each case, *Burnham v. Downing*, 125 N.H. 293, 296, 480 A.2d 128, 130 (1984), and is not dependent upon whether the borrowing or lending employer provided the required workers' compensation coverage for the employee in question. Nor is it answered by the workers' compensation statute, which merely provides that an employee is "any person in the service of an employer . . . under any express or im-

plied, oral or written contract of hire," RSA 281-A:2, VI (Supp. 1991). In the workers' compensation context, a number of tests have been used to answer the question. *See, e.g., Burnham*, 125 N.H. at 295–96, 480 A.2d at 130 (1984) (citing test set out in the Restatement (Second) of Agency); *Manchester v. Huard*, 113 N.H. 81, 83, 301 A.2d 719, 720 (1973) (citing 3-part test set out in 1C A. LARSON, WORKMEN'S COMPENSATION LAW § 48.00 (1990) which focuses on existence of contract, nature of work, and right of control); *Porter v. Barton*, 98 N.H. 104, 105, 95 A.2d 118, 119 (1953) (focusing on employer's right to control employee's performance).

*Amicus curiae* Browning-Ferris urges that we adopt the test of employment set forth in the Restatement (Second) of Agency § 220 at 485–86 (1958), which considers the totality of the circumstances, *see Burnham*, 125 N.H. at 295–96, 480 A.2d at 130, and articulates the relevant factors. The New Hampshire Department of Labor regulations, which we set forth here, contain a test nearly identical to the Restatement:

> "In determining whether a person acting for another is an employee . . . all relevant factors shall be considered including, but not limited to, the following:
> a. The extent of control which, by the agreement, the employer may exercise over the details of the work.
>
> b. Whether or not the person performing a service is engaged in a distinct occupation or business.
>
> c. The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision.
>
> d. The skill required in the particular occupation.
>
> e. Whether the employer or the worker supplies the instrumentalities, tools and the place of work for the person doing the work.
>
> f. The method of payment, whether by the time, or by the job.
>
> g. Whether or not the work is a part of the regular business of the employer.
>
> h. The nature of the relationship that the parties believe they are creating.

i. Whether the person doing the work can be summarily discharged by the employer with a right to no more than wages already earned."

N.H. ADMIN. RULES, Lab 104.02.

■  The Restatement test has been used numerous times in New Hampshire in various employment contexts. *See, e.g., Kassel v. Gannett*, 875 F.2d 935, 942 (1st Cir. 1989) (citing New Hampshire law) (whether worker was employee or independent contractor); *Merchants Ins. Group v. Warchol*, 132 N.H. 23, 27–28, 560 A.2d 1162, 1165 (1989) (whether worker was employee or subcontractor); *Samaha v. Grafton County*, 126 N.H. 583, 586, 493 A.2d 1207, 1210 (1985) (determining who was employee's employer); *Swiezynski v. Civiello*, 126 N.H. 142, 145, 489 A.2d 634, 637 (1985) (whether a partner is an employee); *Burnham*, 125 N.H. at 295–96, 480 A.2d at 130 (whether worker was employee or independent contractor); *Currier v. Abbott*, 104 N.H. 299, 303, 185 A.2d 263, 266 (1962) (borrowed servant). Moreover, the Restatement test has been employed in the cases whose facts took place after the promulgation of the regulations, *see Kassel supra; Warchol supra; Samaha supra. But see Leeman v. Boylan*, 134 N.H. 230, 233, 590 A.2d 610, 612 (1991) (citing to earlier test, but case turns on unrelated issues). Thus, we believe that the Restatement test, as spelled out in the department of labor regulations, sets forth the proper framework for determining whether an employer relationship exists.

■ ■  The trial court, in its summary judgment order, determined that LaVallie was an employee of Simplex. Summary judgment is rendered only if the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," RSA 491:8-a.

The court found:

"The terms of the contract placed Lavallie under the direction of a Simplex foreman, and gave Simplex the right to terminate Lavallie from further employment at Simplex. NESC payed [*sic*] Lavallie an hourly wage. Simplex in turn payed [*sic*] NESC a designated rate per hour for Lavallie's services. . . . Simplex had the right to control and direct Lavallie's work. Moreover, the pleadings and affidavits show Lavallie had consented to Simplex's direction and control. Lavallie . . . was following a Simplex foreman's direction and instructions [when the injury occurred]. Lavallie['s] . . . con-

duct shows he had consented to Simplex's control and direction."

We agree with the court below that there is no material dispute as to these factual findings. Based on these undisputed facts, the court correctly found that LaVallie was an employee of Simplex and as such is barred by RSA 281-A:8 from bringing a negligence claim against it.

We turn to the plaintiff's constitutional argument. He argues that the workers' compensation statute is unconstitutional to the extent that it bars claims against a borrowing employer under the borrowed servant rule. The defendant first argues that the plaintiff's constitutional claims were neither preserved below, nor adequately raised in his notice of appeal, *see* SUP. CT. R. 16(3)(b). However, the constitutional issues were raised in the plaintiff's motion for reconsideration in the superior court, thus giving the trial court an opportunity to consider any error, because the evidentiary foundation was already in the case. *See State v. Tselios*, 134 N.H. 405, 407, 593 A.2d 243, 245 (1991). In addition, the language of the plaintiff's questions in his notice of appeal is broad enough to encompass his constitutional claims. *See Hillside Assocs. of Hollis v. Maine Bonding & Cas. Co.*, 135 N.H. 325, 330, 605 A.2d 1026, 1029 (1992).

The New Hampshire workers' compensation statute was originally enacted in 1911, Laws 1911, ch. 163, and its basic structure has been unquestionably regarded as constitutional since 1915, *Wheeler v. Contoocook Mills*, 77 N.H. 551, 553–54, 94 A. 265, 267 (1915). The borrowed servant rule was well known at the time the legislature enacted the workers' compensation statute, *Gagnon v. Dana*, 69 N.H. at 264, 39 A. at 982, and merely defines who is an employee. Larson notes that

> "the lent-employee doctrine is not a separate doctrine at all. Theoretically, the process of determining whether the special employer is liable for compensation consists simply of applying the basic tests of employment . . . . If they are satisfied, the presence of a general employer somewhere in the background cannot change the conclusion that the special employer has qualified as an employer of this employee . . . ."

1C A. LARSON, *supra* § 48.13 at 8-414. We therefore conclude that to the extent the workers' compensation statute is constitutional, the borrowed servant doctrine operating under it is constitutional as well.

■ Finally, we consider the plaintiff's argument that Simplex did not comply with the workers' compensation statute, and that it therefore cannot invoke the immunity conferred by RSA 281-A:8 (Supp. 1991). New Hampshire law requires an employer to secure compensation for employees. RSA 281-A:5 (Supp. 1991). One permissible means of doing so is "[b]y insuring and keeping insured the payment of such compensation with a company licensed to write workers' compensation insurance in this state and filing with the commissioner, . . . evidence of such coverage . . . ." RSA 281-A:5, I (Supp. 1991). While Simplex did not itself contract with an approved company to provide the plaintiff coverage, its contract with NESC provided that NESC would maintain worker's compensation insurance to cover the plaintiff. The plaintiff did in fact recover workers' compensation benefits as contemplated by that contract, and cannot now deny its existence. *Cf. Sawtelle v. Tatone,* 105 N.H. 398, 403, 201 A.2d 111, 115 (1964) (party receiving benefits from a contract cannot thereafter deny its existence).

In light of our holding that the borrowed servant doctrine applies, it would be illogical to require Simplex to itself acquire insurance so long as Simplex assured that statutory insurance was provided for the borrowed employee. Thus, we find the plaintiff's argument unpersuasive and affirm the summary judgment.

*Affirmed.*

All concurred.