FRED S. NUMBERG & another *vs.* GTE TRANSPORT, INC. No. 91-P-922. January 21, 1993. *Workers' Compensation Act*, Recovery against third person.

Fred S. Numberg, a truck driver, sustained a work-related injury while employed by Fleet Services, Inc. (Fleet). Fleet was in the business of leasing truck drivers to other entities, and at the time of the injury Numberg was a leased driver working for GTE Transport, Inc. (GTE). He and his wife brought this action for personal injuries and loss of consortium against GTE. The issue in the case is whether GTE is immune from liability at law under the Workers' Compensation Act because it is "the insured person employing such employee and liable for payment of the compensation provided by [G. L. c. 152]." G. L. c. 152, § 15, last sentence, as appearing in St. 1971, c. 941, § 1. A judge ruled in favor of GTE on its motion for summary judgment, concluding that the statute afforded it such immunity. Final judgment was entered for GTE pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

The undisputed facts before the motion judge were the following. Fleet was Numberg's general employer; GTE was his special employer. See discussion of such relationships in *Ramsey's Case*, 5 Mass. App. Ct. 199, 202-203 (1977). Fleet was a self-insurer (G. L. c. 152, § 25A) and provided compensation benefits to Numberg following his injury. The lease agreement under which Fleet supplied truck drivers to GTE provided that GTE would, in addition to paying Fleet a fee per driver, reimburse Fleet for wages and benefits paid to the drivers and certain other expenses, including an amount for workers' compensation coverage. That amount was to be billed at a rate set forth in a specified manual.

This court in *Lang* v. *Edward J. Lamothe Co.*, 20 Mass. App. Ct. 231, 232 (1985), set forth a two-part test to determine immunity from liability under G. L. c. 152. According to that test, a direct employment relationship must exist, and "the employer must be an insured person liable for the payment of compensation." There was a direct employment relationship between Numberg and GTE. On the second part of the test, the case is governed by the second paragraph of G. L. c. 152, § 18, as appearing in St. 1969, c. 755, § 2, which provides: "In any case where there shall exist with respect to an employee a general employer and a special employer relationship, as between the general employer and the special employer, the liability for the payment of compensation for the injury shall be borne

by the general employer or its insurer, and the special employer or its insurer shall be liable for such payment if the parties have so agreed . . . ."

The statute places the burden of paying compensation on the general employer, in this case Fleet, unless there is an agreement that the special employer — here GTE — is to pay compensation. GTE agreed to pay Fleet periodically a specified amount attributable to the cost of providing workers' compensation benefits. GTE did not agree, however, to pay compensation benefits to injured employees. In fact, Fleet, not GTE, paid Numberg's compensation benefits. The effect of the financial terms of the agreement between Fleet and GTE was not to shift responsibility for payment of workers' compensation benefits to GTE, but to assure Fleet a profit after paying all of the various costs of supplying GTE with drivers. As we do not interpret the agreement as altering Fleet's obligation under G. L. c. 152, § 18, to pay compensation to its employees, the two-part test for immunity from liability under the *Lang* case has not been satisfied.

*Judgment reversed.*

*Kevin T. Daly* for the plaintiffs.
*Carol A. Griffin* for the defendant.