Compensation Appeals Board
No. 92-652

### APPEAL OF DAVID R. DUBE

### (New Hampshire Department of Labor Compensation Appeals Board)

December 28, 1993

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Michael R. Mortimer* on the brief and orally), for the claimant.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Richard E. Galway* and *Nelson A. Raust* on the brief, and *Mr. Galway* orally), for James and Elizabeth Canavan and Maine Bonding & Casualty Company.

HORTON, J. The claimant, David R. Dube, appeals from a decision of the New Hampshire Department of Labor Compensation Appeals Board (board) denying him coverage under the Workers' Compensation Law for an injury he sustained while cutting down a tree limb at James and Elizabeth Canavan's residence. The board found that the claimant failed to establish that an employer-employee relationship existed between him and the Canavans at the time of the accident. On appeal, the claimant argues that the board's decision was arbitrary, capricious, unreasonable, and unlawful. We affirm.

The claimant and Mr. Canavan have been friends for approximately twenty years. Prior to June 30, 1990, Mr. Canavan called the claimant and asked him to cut some tree limbs on the Canavan property. After examining the trees, the claimant agreed to help the Canavans. He arrived at their home on June 30, 1990, with a friend, Brett Wood. Mr. Canavan and Brett Wood set up a ladder against the tree and while the claimant was cutting a limb, it unexpectedly snapped, knocking the ladder out from under him and causing him to fall to the ground. The claimant suffered a spinal cord injury resulting in permanent paralysis from the chest down.

In July 1990, an adjustor for the Canavan's insurance carrier, Maine Bonding & Casualty Company, obtained recorded statements

from the claimant and the Canavans. The claimant was asked whether he was going to get paid for any of the work at the Canavans, and he replied, "No, I don't work for friends and expect to get paid." Mrs. Canavan was asked, "Were you expected to pay Dave for anything?" She replied, "No." Mr. Canavan was asked, "Were you going to pay Dave? He replied, "No, I was not going to pay Dave. This was done on a friendship basis."

The claimant and the Canavans testified that at the time they gave their recorded statements, they believed the adjustor was only asking about cash payments, and had they understood that he was also asking about non-monetary compensation, they would have told the adjustor that the claimant was to receive two lawnmowers from the Canavans in return for cutting the tree limbs. The board denied the claimant workers' compensation coverage, concluding that he had failed to establish that an employer-employee relationship existed between the parties at the time the accident occurred. The board found that "[n]o mention was ever made in statements taken directly after the accident regarding exchange of lawnmowers, money or any other goods of value," and that the parties' testimony "clearly indicat[ed] a long standing reciprocation of services on a friendship basis."

The claimant argues that the board acted arbitrarily, capriciously, unreasonably, and unlawfully in failing to find that an employer-employee relationship existed between the parties. We disagree.

RSA 281-A:2, VI (Supp. 1992) defines an employee as "any person in the service of an employer subject to the provisions of this chapter under any express or implied, oral or written contract of hire." In order to establish a contract for hire, the claimant must have received or expected to receive payment of some kind. *See* 1B A. LARSON, WORKMEN'S COMPENSATION LAW § 47.41, at 8–347 (1993). New Hampshire law defines "wages" broadly; an exchange of services for two lawnmowers could constitute payment under a "contract for hire." *See* RSA 281-A:2, XV (Supp. 1992). However, "mere gratuities or gifts, unless understood by the parties to constitute the equivalent of wages, are not considered payment under a contract of hire." 1B LARSON, *supra* § 47.43(a), at 8–390 to 8–392. Here, the issue is whether the board erred in finding that the claimant failed to prove that an employer-employee relationship existed at the time of the accident.

Administrative decisions "shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear pre-

ponderance of the evidence before it, that such order is unjust or unreasonable." RSA 541:13 (1974). *But cf. Masse v. Commercial Union Ins. Co.*, 136 N.H. 628, 632, 620 A.2d 1041, 1044 (1993) (broadened standard of review applied when trial judge decided case on the record). The board's findings of fact, and decision made pursuant to those findings, will not be disturbed if supported by competent evidence in the record. *Appeal of Lambrou*, 136 N.H. 18, 20, 609 A.2d 754, 755 (1992). The board, in denying the claimant coverage, found that "[n]o mention was ever made in statements taken directly after the accident regarding exchange of lawnmowers, money or any other goods of value," and further, that the parties' testimony "clearly indicat[ed] a long standing reciprocation of services on a friendship basis." We find competent evidence in the record to support that determination. Immediately following the accident, the parties testified that the claimant did not intend to receive compensation, and specifically, the claimant stated, "I don't work for friends and expect to get paid."

 Nor are we impressed by the claimant's argument that the board improperly disregarded the parties' later testimony concerning their misunderstanding that lawnmowers could constitute payment under the Workers' Compensation Law. The board stated in its decision that it "took into consideration statements with regard to *intent* of payment for services from Mr. Dube and Mr. and Mrs. Canavan." Accordingly, the board's decision that no employer-employee relationship existed at the time of the accident was not arbitrary, capricious, unreasonable, or unlawful. There was competent evidence in the record indicating that the claimant was cutting the trees limbs for the Canavans because of their long-standing friendship, not because the parties intended to form an employer-employee relationship. *Cf. Lavallie v. Simplex Wire & Cable Co.*, 135 N.H. 692, 695, 609 A.2d 1216, 1218 (1992) (factor in determining whether an employer-employee relationship exists is the nature of the relationship the parties believe they are creating); N.H. ADMIN. RULES, Lab 104.02 (expired Jan. 6, 1989) (current version at N.H. ADMIN. RULES, Lab 101.05 (1991)). According deference to its factual findings, we affirm the board's determination that the claimant failed to establish that an employer-employee relationship existed between the parties.

*Affirmed.*

All concurred.