[No. B088962. Second Dist., Div. Six. Mar. 12, 1996.]

IRENE C. DAILEY et al., Plaintiffs and Appellants, v.
DALLAS CARRIERS CORPORATION, Defendant and Appellant;
NORTH AMERICAN VAN LINES, INC., Intervener and Respondent.

**COUNSEL**

Smith, Helenius & Hayes, J. Edmund Smith and Christopher J. Duenow for Plaintiffs and Appellants and for Defendant and Appellant.

Tobin, Lucks & Goldman and John F. Salisbury for Intervener and Respondent.

**OPINION**

**YEGAN, J.**—A California resident, Timothy Dailey, employed by an Ohio corporation, was killed while working in California. Dailey's employer paid workers' compensation benefits in the amount required by California law. Dailey's survivors (survivors) have claimed workers' compensation benefits only in Ohio. At the time of the injury, the States of Ohio and California had conflicting rules wih respect to an employer's right to reimbursement from a third party tortfeasor for workers' compensation benefits. Ohio did not allow reimbursement. (*Cincinnati Bell Telephone. Co.* v. *Straley* (1988) 40 Ohio St.3d 372 [533 N.E.2d 764].)[1] California did allow reimbursement at the time of the injury and still does. (Lab. Code, § 3852.)[2] The trial court applied California law and granted reimbursement to the employer from the third

---

[1] In *Cincinnati Bell* v. *Straley,* the Ohio Supreme Court held that an employer may not recover damages from a third party for medical expenses and other workers' compensation benefits paid to an employee injured by the negligence of the third party. (*Cincinnati Bell Telephone Co.* v. *Straley, supra,* 40 Ohio St.3d at pp. 375-376.) This rule has been modified by a statute which became effective after Dailey's death. Ohio Revised Code Annotated section 4123.931 now confers subrogation rights on employers who pay benefits to employees injured by the negligence of a third party. The statute is not retroactive. (*Williams* v. *Winston* (1994) 65 Ohio Misc.2d 44, 46-47 [640 N.E.2d 923].) Thus, present Ohio law is not in conflict with California law.

[2] Labor Code section 3852 states: "The claim of an employee, including, but not limited to, any peace officer or firefighter, for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other

party tortfeasor. Because the survivors agreed to indemnify the third party, they must reimburse the carrier unless former Ohio law is controlling. Survivors and the third party, Dallas Carriers Corporation (Dallas), appeal. We affirm.

## Facts

Timothy Dailey was killed near Barstow, California when a truck driven by an employee of Dallas hit the truck Dailey was driving "head on." At the time of his death, Dailey was working as an interstate truck driver for North American Van Lines, Inc. (NAVL). He was employed under a contract executed in Columbus, Ohio. He received his job assignments and paychecks from an NAVL agent based in Ohio. Dailey, his wife and their two minor children were residents of California.

The survivors informed NAVL of the death. NAVL notified its California workers' compensation insurance adjuster and began to pay benefits to the survivors. The amount paid was calculated according to California's workers' compensation benefit schedule.

Three weeks after the survivors received their first payment from NAVL, their counsel informed NAVL that he was "investigating the jurisdictional issues in the worker's compensation action. Naturally, I want to recover the maximum benefits for my clients whether that means under the laws of Ohio, California, or Indiana. It seems there is a basis for jurisdiction in each of those states." NAVL's counsel responded with a request that the survivors "advise your intentions on the jurisdictional issues as soon as possible." NAVL continued to pay benefits to the survivors until January 1993. At that time, NAVL had paid $34,491.89.

## California Proceedings

The survivors filed a lawsuit against Dallas on May 29, 1991. NAVL intervened, seeking reimbursement from Dallas for the benefits it had already paid to the survivors. In August 1992, the survivors settled with Dallas

than the employer. Any employer who pays, or becomes obliged to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, or who pays or becomes obligated to pay an amount to the Department of Industrial Relations pursuant to Section 4706.5, may likewise make a claim or bring an action against the third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he or she was liable including all salary, wage, pension, or other emolument paid to the employee or to his or her dependents. The respective rights against the third person of the heirs of an employee claiming under Section 377.60 of the Code of Civil Procedure, and an employer claiming pursuant to this section, shall be determined by the court."

for $870,000. As a part of the settlement, they agreed to indemnify Dallas against NAVL's claim for reimbursement. The survivors contemporaneously filed a claim for workers' compensation benefits in Ohio. They never sought workers' compensation benefits in California.

NAVL sought summary judgment and summary adjudication of its complaint in intervention against Dallas. The trial court granted summary adjudication, ruling that other than comparative negligence, Dallas had no affirmative defenses. It ruled the survivors' agreement to indemnify Dallas and their Ohio workers' compensation claim irrelevant to its ruling on the motions: "There seems to be no doubt to the court that [Dallas] must repay [NAVL], the only question is how much. Any benefits paid the Dailey plaintiffs under Ohio law are irrelevant to that issue. [¶] If the Dailey plaintiffs recover at all in their Ohio workers compensation action, they will collect their entitlement under Ohio law, less whatever was advanced by [NAVL] here in California. . . . Whether [NAVL] recovers the benefits paid in California is of no interest to the Dailey plaintiffs. Only the defendants in intervention (or those who stand in their shoes) would care at all."

NAVL's complaint in intervention was tried to the trial court. In its statement of decision, the trial court again rejected Dallas's argument that NAVL was not entitled to reimbursement because the survivors elected to claim workers' compensation benefits in Ohio rather than California. Instead, it concluded that NAVL's payments were made under California law because the benefits were paid "according to [the] California death benefit schedule[,]" and because Dallas "presented no evidence that the workers' compensation benefits were construed by [NAVL] as anything other than the California workers' compensation claim, or that the benefits were paid pursuant to the law of any other state." The trial court therefore concluded that Dallas had "a legal obligation to repay [NAVL] for workers' compensation benefits paid to the decedents of Timothy Dailey[,]" and awarded NAVL $34,491.81 plus costs.

### Ohio Proceedings

Meanwhile, the survivors' workers' compensation claim worked its way through the Ohio courts. After administrative panels found no jurisdiction in Ohio, the Ohio Franklin County Court of Common Pleas reversed, granting the survivors' motion for summary judgment and finding that they were entitled to Ohio workers' compensation benefits. NAVL appealed. In an unpublished opinion, the Ohio Court of Appeals reversed because issues of fact remained on the questions whether Timothy Dailey was an employee or an independent contractor and whether his employment was sufficiently

connected with the State of Ohio to justify payment of Ohio workers' compensation benefits. (*Dailey* v. *Trimble* (Ohio Ct. App. Dec. 29, 1995) 95APE07-951.)

## Contentions

The survivors and Dallas argue the trial court made two errors when it concluded that California law governed the treatment of benefits paid by NAVL. First, the trial court ignored the survivors' right to elect the forum in which to pursue their workers' compensation claim. Since they chose Ohio, a state which did not allow employer reimbursement, the trial court was obligated to treat the NAVL payments as if they had been made under Ohio law. Second, applying California law to the NAVL payments violates the full faith and credit clause of the United States Constitution which provides: "Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State . . . ." (U.S. Const., art. IV, § 1.) Neither argument has merit.

## Election by Plaintiffs

■ The trial court was not required to apply former Ohio law simply because the survivors chose to pursue a workers' compensation claim in Ohio. Survivors base their argument on the Restatement Second of Conflict of Laws, which provides: "Situations will arise where the courts of two or more States would each be prepared to give the employee relief under their workmen's compensation statutes. In such instances, the employee may choose the State in which to seek relief." (Rest.2d Conf. of Laws, § 182, com. a, p. 542.) This portion of the Restatement has not been adopted in California and we decline the invitation to do so where, as here, the rights of others will be impinged.

California does not blindly follow a "plaintiff's choice" rule in forum selection or choice of law cases. Even where both parties explicitly agree to a choice of law or forum, California courts will respect that choice only if it has a reasonable basis and the foreign state's law does not conflict with a fundamental policy of California. (*Nedlloyd Lines B.V.* v. *Superior Court* (1992) 3 Cal.4th 459, 466 [11 Cal.Rptr.2d 330, 834 P.2d 1148].)

We assume that the survivors' choice of Ohio law has a reasonable basis. Nevertheless, their choice conflicts with the fundamental policy of this state which requires thirdparty tortfeasors to reimburse employers for workers' compensation benefits paid as a result of their negligence. (Lab. Code, § 3852; *Abdala* v. *Aziz* (1992) 3 Cal.App.4th 369, 376 [4 Cal.Rptr.2d 130]; *Demkowski* v. *Lee* (1991) 233 Cal.App.3d 1251, 1257-1258 [284 Cal.Rptr.

919]; *Harvey* v. *Boysen* (1975) 50 Cal.App.3d 756, 760-61 [123 Cal.Rptr. 740].) Under these circumstances, California courts are not required to apply Ohio law. (*Nedlloyd Lines B.V.* v. *Superior Court, supra,* 3 Cal.4th 459, 466.) The conclusion is even more compelling now that Ohio has changed its former rule resulting in no present conflict of law.

*Full Faith and Credit*

■ Nor do we agree that the trial court's decision to apply California law violates the full faith and credit clause. A forum state's choice to apply its own law does not violate the full faith and credit clause if the state has significant contacts with the dispute " 'such that choice of its law is neither arbitrary nor fundamentally unfair.' " (*Wilson* v. *Louisiana-Pacific Resources, Inc.* (1982) 138 Cal.App.3d 216, 222-223 [187 Cal.Rptr. 852].)

■ In workers' compensation law, the United States Supreme Court has long recognized that the state where an injury occurs, the state where an employment relationship is created, and the state where an injured employee resides all have the significant contacts necessary to justify application of their own workers' compensation laws. (*Carroll* v. *Lanza* (1955) 349 U.S. 408, 412 [99 L.Ed. 1183, 1188, 75 S.Ct. 804]; *Alaska Packers Assn.* v. *Comm'n.* (1935) 294 U.S. 532 [79 L.Ed. 1044, 55 S.Ct. 518].) Each such state may apply its law without offending the full faith and credit clause, even if another state purports to provide an exclusive remedy. (*Crider* v. *Zurich Ins. Co.* (1965) 380 U.S. 39, 41-42 [13 L.Ed.2d 641, 643-644, 85 S.Ct. 769].) In fact, the full faith and credit clause allows employees to file successive claims for workers' compensation in each interested jurisdiction. (*Thomas* v. *Washington Gas Light Co.* (1980) 448 U.S. 261, 286 [65 L.Ed.2d 757, 776, 100 S.Ct. 2647].)

■ California has also recognized its strong interest in applying California law where, as here, the employee and his family reside in California and the injury occurred in this state. (*Travelers Ins. Co.* v. *Workmen's Comp. App. Bd.* (1967) 68 Cal.2d 7, 11-12 [64 Cal.Rptr. 440, 434 P.2d 992].) California's "interest devolves both from the possibility of economic burden upon the state resulting from non-coverage of the workman during the period of incapacitation, as well as from the contingency that the family of the workman might require relief in the absence of compensation. . . . Even if the employee may be able to obtain benefits under another state's compensation laws, California retains its interest in insuring the maximum application of [the] protection afforded by the California Legislature. [Citation.]" (*Id.* at pp. 12-13.) Thus, the California Workers' Compensation Act applies to a worker employed in another state who is injured while working in

California. There is, however, an exception. California law does not apply to a foreign worker if the worker is covered by insurance from the other state, the extraterritorial provisions of California law are recognized by the other state, and California workers and employers are exempted from the other state's workers' compensation laws. (Lab. Code, § 3600.5, subd. (b).)

Timothy Dailey resided in California. The truck collision that took his life occurred here. His widow and minor children live here. California is entitled to ensure that the survivors receive the workers' compensation benefits to which they are entitled. There is no evidence that Dailey and his employer were exempt under Labor Code section 3600.5, subdivision (b). To the contrary, the Ohio Court of Appeals opinion in this matter suggests that Dailey may not have been covered by Ohio insurance and neither party has addressed whether Ohio provides the recognition and exemption required by the California statute. Under these circumstances, the trial court correctly applied California law in ruling that NAVL was entitled to reimbursement.

Finally, we note that the survivors may pursue their workers compensation claim in Ohio. In *Thomas* v. *Washington Gas Light Co.*, *supra*, 448 U.S. 261, 286 [65 L.Ed.2d 757, 776], the Supreme Court sanctioned the practice of granting supplemental compensation awards where the compensation provided by one state is lower than that provided by another state with concurrent jurisdiction. While *Thomas* does not sanction double recovery (*id.*, at p. 281 [65 L.Ed.2d at p. 773]), it does allow the survivors to pursue workers' compensation benefits in more than one state.

The judgment is affirmed. Costs to respondent.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied April 10, 1996, and the petition of plaintiffs and appellants for review by the Supreme Court was denied July 10, 1996.