Hillsborough-southern judicial district
No. 95-641

SANDRA J. BENOIT

v.

TEST SYSTEMS, INC.

May 28, 1997

*Hall, Hess, Kenison, Stewart, Murphy & Keefe, P.A.*, of Manchester (*Francis G. Murphy* and *Kathryn B. Johnston* on the brief; and *Mr. Murphy* orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Laurence W. Getman* and *Marjorie E. Lanier* on the brief, and *John E. Friberg, Jr.* orally), for the defendant.

THAYER, J. The plaintiff, Sandra J. Benoit, appeals the Superior Court's (*Hampsey*, J.) entry of summary judgment in favor of the defendant, Test Systems, Inc. We affirm.

The parties stipulated to the following facts. The plaintiff, a New Hampshire resident, sustained an injury while she performed light assembly work at the defendant's place of business in New Hampshire. E.D. Associates, a Massachusetts temporary employment agency, had assigned the plaintiff to work at the defendant company. While working at the defendant's place of business, the plaintiff was under the defendant's exclusive control, and the defendant supplied her with the tools, instruments, and materials necessary for performing assembly work.

The defendant paid E.D. Associates for the hours the plaintiff worked based on weekly invoices E.D. Associates submitted to the defendant. E.D. Associates then compensated the plaintiff for the work she performed. Pursuant to the arrangement between the defendant and E.D. Associates, E.D. Associates also provided workers' compensation insurance for the plaintiff under a policy issued to E.D. Associates in Massachusetts by CNA Insurance Company (CNA). After her injury, the plaintiff received workers' compensation benefits from CNA pursuant to Massachusetts' workers' compensation statute.

The plaintiff commenced a negligence action against the defendant. The defendant moved for summary judgment, arguing that New Hampshire law applies, and that pursuant to New Hampshire law, which recognizes the "borrowed servant" rule in workers' compensation cases, the "exclusive remedy" provision of New Hampshire's workers' compensation statute barred the plaintiff's claim. *See* RSA 281-A:8 (Supp. 1988) (amended 1991, 1993). The superior court granted summary judgment to the defendant, and this appeal followed.

■ A trial court may grant summary judgment when a case presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See LaVallie v. Simplex Wire & Cable Co.*, 135 N.H. 692, 696, 609 A.2d 1216, 1218 (1992). There is no genuine issue of material fact in this case because the parties stipulated to the relevant facts for the purpose of resolving this choice of law question. Accordingly, we conduct a *de novo* review of the trial court's application of the law to the stipulated facts. *Cf. Union Leader Corp. v. City of Nashua*, 141 N.H. 473, 476, 686 A.2d 310, 312 (1996) (in the absence of disputed facts, court conducts a *de novo* review of trial court's balancing of interests).

The dispositive issue is which State's law governs: New Hampshire or Massachusetts. The parties agree that if New Hampshire law applies, the plaintiff's suit is barred. *See LaVallie*, 135 N.H. at 694, 609 A.2d at 1217. In comparison, Massachusetts law would allow the plaintiff to commence a suit against her borrowing employer because unlike New Hampshire, Massachusetts does not require a borrowing employer to obtain workers' compensation coverage for borrowed employees. *See Lang v. Edward J. LaMothe Co.*, 479 N.E.2d 208, 209 (Mass. App. Ct.), *review denied*, 482 N.E.2d 328 (Mass. 1985). Consequently, Massachusetts declines to extend the benefit of the workers' compensation statute's exclusive remedy provision to borrowing employers. *See Numberg v. GTE Transport, Inc.*, 607 N.E.2d 1, 2 (Mass. App. Ct. 1993); *Lang*, 479 N.E.2d at 209. Accordingly, this case presents a true conflict of laws. *See Taylor v. Bullock*, 111 N.H. 214, 215, 279 A.2d 585, 586 (1971); *cf.* Leflar, *True "False Conflicts," Et Alia*, 48 B.U. L. REV. 164, 171 (1968). We conclude that New Hampshire law properly applies in this case, barring this action against the borrowing employer.

■ We begin by observing that this case does not implicate the constitutional concerns that arise in some choice of law cases. *See Saharceski v. Marcure*, 366 N.E.2d 1245, 1248 (Mass. 1977). Both New Hampshire and Massachusetts have significant contacts necessary to justify the application of that State's law to this dispute, and as such, we are free to apply either without running afoul of the full faith and credit clause of the United States Constitution. *See Dailey v. Dallas Carriers Corp.*, 51 Cal. Rptr. 2d 48, 51-52 (Ct. App.) (explaining United States Supreme Court recognizes that State where injury occurred, State where employment relationship created, and State where injured employee resides have significant contacts), *review denied* (Cal. July 10, 1996) (unpublished disposition); *see also Carroll v. Lanza*, 349 U.S. 408, 412-14 (1955).

A particular work-related injury may implicate more than one jurisdiction's workers' compensation statute. *See LaBounty v. American Insurance Co.*, 122 N.H. 738, 742, 451 A.2d 161, 163 (1982). The workers' compensation statutes of either New Hampshire or Massachusetts could have potentially applied to the plaintiff's injury. *Compare* RSA 281-A:2, VI(a), VIII(a), :5 (Supp. 1996) *with* Mass. Gen. Laws Ann. ch. 152, §§ 1(4), (5), 26 (West 1988 & Supp. 1997).

As a general rule, Massachusetts requires general employers, such as E.D. Associates, to provide workers' compensation benefits to their employees. *See* Mass. Gen. Laws Ann. ch. 152, § 18 (West

1988); *see also Numberg*, 607 N.E.2d at 2. As such, lending employers, not borrowing employers, generally enjoy the immunity concomitant with providing workers' compensation benefits. *Lang*, 479 N.E.2d at 209. There is, however, an exception. A borrowing employer is immune when a direct employment relationship exists between the borrowing employer and the borrowed employee, and the borrowing employer agrees to pay compensation for injury to the employee sufficient to alter the general employer's obligation for the payment of benefits under Massachusetts General Laws chapter 152, section 18. *See Numberg*, 607 N.E.2d at 2. Notably, the parties have neither briefed nor argued that New Hampshire's requirement that borrowing employers provide workers' compensation benefits for the borrowed employees would satisfy this exception. As such, we assume that this exception is not applicable here.

█ New Hampshire obligates borrowing employers to provide payment of workers' compensation benefits to borrowed servants that satisfy the criteria of employees. *See Bisson v. Air Service*, 91 N.H. 73, 76, 13 A.2d 821, 823 (1940); *see also* R. GALWAY, NEW HAMPSHIRE WORKERS' COMPENSATION MANUAL § 11.04, at 11-11 to -12 (2d ed. 1996). Immunity from employee tort suits is concomitant with the borrowing employer's obligation to provide workers' compensation insurance coverage. *LaVallie*, 135 N.H. at 694, 609 A.2d at 1217; *see* RSA 281-A:8. A borrowing employer's immunity remains even if the borrowing employer delegates the duty to provide workers' compensation benefits to the lending employer and the employee receives workers' compensation benefits. *See LaVallie*, 135 N.H. at 698, 609 A.2d at 1219.

We note here that the parties stipulate that "the plaintiff was under the exclusive control and direction" of the defendant. The plaintiff also concedes that if New Hampshire law applies her action is barred, presumably because she was the defendant's borrowed servant and satisfied the test for an employee. *See id.* at 694, 609 A.2d at 1217. Consequently, we consider the plaintiff to have conceded her status as an employee of the defendant and proceed with our analysis accordingly.

█ The trial court was not required to apply Massachusetts law simply because the plaintiff chose to pursue a workers' compensation claim in Massachusetts. *Cf. Dailey*, 51 Cal. Rptr. 2d at 51 (trial court not required to apply Ohio law solely because survivor chose to pursue Ohio claim). *But cf.* 4 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 88.00, at 16-196 (1996) ("if compensation has been paid in a foreign state and suit is brought against a

third party in the state of injury, the substantive rights of the employee, the subrogated insurance company and the employer are ordinarily held governed by the law of the foreign state, although there is contra authority"). In New Hampshire, the appropriate analysis in a case involving a choice of law focuses on five choice-influencing considerations: "(1) the predictability of results; (2) the maintenance of reasonable orderliness and good relationships among the States in the federal system; (3) simplification of the judicial task; (4) advancement of the governmental interest of the forum; and (5) the court's preference for what it regards as the sounder rule of law." *LaBounty*, 122 N.H. at 741, 451 A.2d at 163. *See generally* Leflar, *Conflicts Law: More on Choice-Influencing Considerations*, 54 CAL. L. REV. 1584, 1586-88 (1966).

The first factor, predictability of results, "basically relates to consensual transactions, in which it is important that parties be able to know in advance what law will govern a transaction. . . . Reliance upon a predictable choice of law protects the justifiable expectations of the parties[, and] . . . assures uniformity of decision regardless of forum." *Ferren v. General Motors Corp.*, 137 N.H. 423, 426, 628 A.2d 265, 267 (1993) (quotation omitted). Though predictability usually has little import in accident cases because accidents are not planned, *LaBounty*, 122 N.H. at 742, 451 A.2d at 163, it is of more import here because the accident occurred in an established employment context. The plaintiff accepted her New Hampshire assignment by working at the defendant's place of business nearly fourteen months. "Although the employment in [New Hampshire] was not to be permanent, it was deliberate rather than being simply 'fortuitous.'" *Id.* The underlying factual basis for the present suit is the employment relationship between the plaintiff and her borrowing employer. *See Ferren*, 137 N.H. at 426, 628 A.2d at 268. Thus, as the trial court correctly noted, the parties could reasonably have expected New Hampshire law to apply. We conclude that the first consideration favors the application of New Hampshire law.

As for the second factor, maintenance of reasonable orderliness and good relationships among the States, "no more is required than that a court not apply the law of a State which does not have a substantial connection with the total facts and the particular issue being litigated." *LaBounty*, 122 N.H. at 742-43, 451 A.2d at 163-64. The plaintiff, a New Hampshire resident, sustained her injury in New Hampshire while she performed work for a New Hampshire corporation. Clearly, New Hampshire has a substantial connection with the facts and legal issues of this case.

The third factor, simplification of the judicial task, is of little weight as the central point of contention is the availability of a negligence action against a borrowing employer. *See id.* at 743, 451 A.2d at 164. "If no such action may be maintained, then the suit will be dismissed. If the action is permitted, then it will present issues regularly decided by our courts in tort suits." *Id.*

"A fourth consideration is advancement of the forum's governmental interests." *Ferren*, 137 N.H. at 427, 628 A.2d at 268. New Hampshire has an interest in ensuring that businesses in this State receive the protections accorded them under our workers' compensation statute. Allowing the plaintiff's negligence suit against her borrowing employer would put New Hampshire businesses that contract with Massachusetts temporary employment agencies at a competitive disadvantage in relation to other New Hampshire companies that contract with New Hampshire temporary employment agencies. Specifically, New Hampshire companies that borrow employees from Massachusetts lending employers would be subject to tort suits whereas New Hampshire companies that borrow employees from New Hampshire lending employers would be immune; yet in both situations the borrowing employers would have a duty to provide workers' compensation coverage. *See Bisson*, 91 N.H. at 76, 13 A.2d at 823. Moreover, allowing a tort action would amount to New Hampshire borrowing employers in similar situations being potentially liable twice: once in the form of the fee paid the temporary employment agency and again in the form of a tort judgment.

On the other hand, Massachusetts has an interest in allowing employees to recover from liable third party tortfeasors, as well as an interest in ensuring that its insurance companies that provide workers' compensation benefits satisfy their statutory liens from judgments paid to injured employees by liable third-party tortfeasors. *See* Mass. Gen. Laws Ann. ch. 152, § 15 (West Supp. 1997). Nevertheless, we conclude that the forum's substantial interest outweighs Massachusetts' interest.

The fifth and final consideration concerns our preference for applying the sounder rule of law. *LaBounty*, 122 N.H. at 743, 451 A.2d at 164. It is not uncommon for a court to conclude after conscientious consideration, as we do here, "that its local rules of law are wiser, sounder, and better calculated to serve the total ends of justice under law in the controversy before it than are the competing rules of the other state" involved in the case. Leflar, *Choice-Influencing Considerations in Conflicts Law*, 41 N.Y.U. L. REV. 267, 299 (1966). We have recently reaffirmed the vitality of the

borrowed servant doctrine and its applicability in workers' compensation cases. *See LaVallie*, 135 N.H. at 694, 609 A.2d at 1217. In contrast to our case-by-case determinations, Massachusetts adopted a *per se* rule that places the burden and concomitant immunity on the lending employer, resulting in the alleviation of any perceived uncertainty surrounding the application of the borrowed servant doctrine. *See Ramsey's (Dependent's) Case*, 360 N.E.2d 911, 914 (Mass. App. Ct. 1977). We believe that our rule is the sounder rule of law because it focuses upon the reality of individualized employment situations, and places the burden of providing coverage on the more appropriate employers. Hence, the fifth consideration weighs in favor of applying New Hampshire law.

Taken altogether, our analysis of the relevant choice-of-law considerations leads to the application of New Hampshire law in the present case.

*Affirmed.*

All concurred.