Suburban v. Trianco-Heatmaker          CV-94-403-M    08/26/97

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Suburban Propane, L.P.,
      Plaintiff

      v.                                   Civil No. 94-403-M

Trianco-Heatmaker, Inc.;
Davidson, Gourley & Acker, Inc.,; and
Lakeview Condominium Association, Inc.
      Defendants

      v.

Washington Resources Group, Inc.
      Third Party Defendant


                          **O R D E R**


      Suburban Propane's suit seeks contribution from the
defendants for claims against Suburban arising from injuries and
deaths caused by fumes leaking from a residential furnace and
water heater unit.  Defendant Trianco-Heatmaker, Inc. ("THI")
moves for summary judgment asserting that the heating unit was
manufactured by AMTI Heating Products, Inc., that THI has no
direct liability related to a product manufactured by AMTI
Heating, and that THI is not responsible for AMTI Heating's torts
under a successor liability theory.

      Suburban's initial objection to summary judgment argued that
THI was liable in contribution under the successor liability
exceptions — i.e. that an asset acquisition, which ordinarily

would not pass along the selling company's liability for its products to the acquiring company, does pass along liability if the asset acquisition is either a de facto merger or amounts to a continuation of the predecessor's business. While THI's motion for summary judgment was pending, however, Suburban learned that THI not only purchased the assets of AMTI Heating in 1989, but subsequently purchased its stock in 1992. Suburban then filed two supplemental briefs addressing the stock purchase issue, and THI responded with its own supplemental memorandum and a copy of the stock purchase agreement. The parties dispute the legal significance of both the asset and stock transfers.

In a diversity case, a federal court ordinarily applies the substantive law of the forum state. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). The parties have relied on New Hampshire law, interpreted by this district and the First Circuit Court of Appeals, as controlling authority pertaining to the question of successor liability. The circumstances of this case, however, present a substantial choice-of-law question that the parties have not addressed. Although the accident involving AMTI Heating's furnace occurred in New Hampshire, both the asset purchase agreement and the stock purchase agreement have provided that those agreements will be construed according to Delaware law. THI, according to the agreements, is a Delaware

2

corporation, while AMTI Heating is or was a Massachusetts corporation.

When a choice-of-law question arises because different states have interests in the claims, the court applies the choice-of-law rules of the forum state. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 491 (1941); McCarthy v. Azure, 22 F.3d 351, 356 n.5 (1st Cir. 1994). If the choice-of-law provisions in the agreements were controlling as to all issues raised by the motion for summary judgment, it might be appropriate to apply Delaware law. See Ferrofluidics Corp. v. Advanced Vacuum Components, 968 F.2d 1463, 1467 (1st Cir. 1992) (applying New Hampshire law to contract choice-of-law provision). The parties have not demonstrated, however, that the agreements control the question of THI's responsibility for product liability claims related to AMTI Heating's products. Instead, the parties continue to dispute the application of successor liability to the changing facts presented in this case.[1] To resolve THI's liability as the parties have presented the issues, it would be necessary to apply New Hampshire's five choice-

_____

[1] The parties have not addressed whether a statutory merger occurred under either the law of Delaware or Massachusetts, which might prove to be an adequate foundation for a successor liability claim. See, e.g., Del. Code Ann. tit.8, § 251 (1996); Mass. Gen. Laws Ann. ch. 156B, §79 (1997).

influencing considerations to the circumstances of this case. See Benoit v. Test Systems, Inc., 694 A.2d 992, 995 (N.H. 1997). The court declines to undertake the choice-of-law analysis sua sponte both because the outcome may well influence the necessary factual basis[2] for summary judgment and because the Supreme Courts of New Hampshire and Delaware have apparently not resolved the legal standard applicable to successor liability claims in those states. Compare Kelly v. Kercher Mach. Works, Inc., 910 F. Supp. 30, 36 (D.N.H. 1995)(New Hampshire would adopt the broader version of continuation theory) and Simoneau v. South Bend Lathe, Inc., 130 N.H. 466 (1988)(declining to adopt "product line" theory of successor liability); compare Fehl v. S.W.C. Corp., 433 F. Supp. 939 (D.Del. 1977) (predicting Delaware law as to de facto merger in personal jurisdiction context) and Sheppard v. A.C. and S. Co., 484 A.2d 521 (Del. Super. Ct. 1984) (discussing mere continuation theory); and see, e.g., Carreiro v. Rhodes Gill and Co., 68 F.3d 1443, 1447 (1st Cir. 1995) (successor liability under Massachusetts law).

Given these circumstances, THI, the party moving for summary judgment, has not carried its burden to show that it is entitled

---

[2] Because factual materiality depends on the applicable legal standard, see Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996), choice of law would affect the parties' factual support in support of and in opposition to summary judgment.

4

to judgment as a <u>matter</u> <u>of</u> <u>law</u> based on undisputed material facts. <u>See</u> <u>Vinick v. Commissioner of Internal Revenue</u>, 110 F.3d 168, 171 (1st Cir. 1997). Accordingly, THI's motion for summary judgment (document no. 33) is denied without prejudice to filing a new and well-supported motion that addresses the choice-of-law issue as well as all material facts.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 26, 1997

cc:  John E. Friberg, Esq.
Marc R. Scheer, Esq.
Joseph M. McDonough, III, Esq.
James E. Owers, Esq.
Michael B. O'Shaughnessy, Esq.
William L. Tanguay, Esq.