FREDERICK R. LANG, JR. *vs.* EDWARD J. LAMOTHE
COMPANY, INC.

Suffolk.   April 11, 1985. — June 18, 1985.

Present: BROWN, KAPLAN, & FINE, JJ.

*Workmen's Compensation Act,* Recovery against third person.

An employee of a company engaged in supplying temporary labor to various
   business establishments who was injured while working for a second
   company on its premises under the supervision of an employee of that
   company, and who had been paid workmen's compensation benefits by
   the first company's insurer, was not barred by G. L. c. 152 from proceed-
   ing at common law against the second company, where the second
   company was not liable to pay workmen's compensation to the employee
   either by law or under any agreement with the first company. [231-233]

CIVIL ACTION commenced in the Superior Court on June
16, 1976.

The case was heard by *John L. Murphy, Jr., J.,* on a state-
ment of agreed facts.

*John P. Ryan (John A. Eklund* with him) for the defendant.
*Paul R. Sugarman* for the plaintiff.

BROWN, J. In this case we are asked to construe the provision
in G. L. c. 152, § 15, as amended by St. 1971, c. 941, § 1,
permitting an action at law to be brought for "damages for
personal injuries . . . by an employee against any person other
than the insured person employing such employee and liable
for payment of the compensation provided by this chapter. . . ."

The case was tried on a statement of agreed facts. The
plaintiff, an employee of Peakload, Inc., a company engaged
in supplying temporary labor to various business establish-
ments, was injured while working for the defendant on its
premises. The plaintiff was supervised by an employee of the
defendant. At all material times, both Peakload and the defend-

ant carried worker's compensation coverage in accordance with G. L. c. 152. The plaintiff's wages had been paid by Peakload, and he has received compensation benefits for his injuries from the compensation insurer of Peakload. There was no agreement between the defendant and Peakload concerning payment of worker's compensation benefits to personnel supplied by Peakload to the defendant.

A judge of the Superior Court rejected the defendant's claim that the applicable provisions of G. L. c. 152 bar recovery and entered judgment for the plaintiff. The judge reasoned that, in the circumstances presented here, for an employer to be immune under c. 152 from an employee's common law action, that employer must satisfy a two-part test: "(1) the employer must be an insured person liable for the payment of compensation, and (2) the employer must be the direct employer of the employee." The judge then concluded that the defendant was not immune from suit under c. 152 because it was not liable to pay compensation to the plaintiff. We concur. That ruling is entirely consistent with the unambiguous language of G. L. c. 152, § 15, as amplified by § 18 of that same chapter. See *Searcy* v. *Paul, ante* 134, 138-139 (1985). See generally Locke, Workmen's Compensation § 150 (2d ed. 1981).

The parties have stipulated that Peakload was the plaintiff's general employer and the defendant was his special employer; therefore, pursuant to § 18 of c. 152, as amended through St. 1969, c. 755, § 2, Peakload, as general employer, was liable to pay compensation to the plaintiff. Section 15 provides that the only person who will be immune from an action at law is "the insured person employing such employee *and* liable for payment of the [worker's] compensation" (emphasis supplied).

The judge correctly ruled that "as a special employer [the defendant] is not liable to pay compensation." See *Ramsey's Case*, 5 Mass. App. Ct. 199, 201-204 (1977). Because Peakload carried worker's compensation coverage and because Peakload and the defendant have not "so agreed" that "the special employer or its insurer shall be liable for such [compen-

sation] payment" (G. L. c. 152, § 18) to personnel supplied by Peakload, the defendant cannot, as the judge properly concluded, satisfy one part of the two-part test set forth in § 15. It thus follows that this defendant is not immune from an action at law for damages.

*Judgment affirmed.*