Brassard, J.
Plaintiff, Eleanor Margolis (“Margolis”), brings this action claiming negligence resulting in personal injury against defendant, Charles Precourt & Sons, Inc. (“Precourt”). Precourt has now filed a motion for summary judgment on the grounds that the claim is barred by the exclusivity provision of the Worker’s Compensation Act as Margolis reached a settlement with Friday Management, Inc. (“Friday’s”), an employee leasing company hired by Precourt. For the reasons set forth below, defendant’s motion is DENIED.
BACKGROUND
Viewing the facts in the light most favorable to the nonmoving party, Margolis, the undisputed facts are as follows:
Margolis began working for Precourt in August of 1988. Margolis was employed as a secretary and, at all relevant times, her supervisors were Michael and Charles Precourt (“the Precourts”). All personnel and human resources decisions came through the Pre-courts or Doris Josephson. Margolis worked until August 11, 1994, the day she tripped and fell over template paper on Precourt’s premises. She suffered a herniated disc and settled her worker’s compensation case with Friday’s as the employer.
In 1992, Friday’s entered into a Client Service Agreement (“contract”) with Precourt to handle all of the administrative aspects of the employees working at Precourt. The contract stated that Friday’s would provide staffing to Precourt in exchange for a service fee. "A portion of said fees will be applied to the payment of Workers’ Compensation premiums pur-suantto G.L.c. 152, §18.” The contract also provided that Friday’s would “furnish and keep in full force and effect” worker’s compensation benefits for employees covered by the agreement. The contract further states that Friday’s is an independent contractor and “all individuals assigned to [Precourt] to fill the Job Function Positions are employees of Friday Management, Inc.” Friday’s was responsible for payment of taxes, provision of worker’s compensation coverage, and provision of fringe benefits. The contract stated that Friday’s had sole responsibility for recruiting, hiring, training, evaluating, replacing, supervising, disciplining, and firing of employees and Friday’s was responsible for all policies and procedures.
Also in the record is the Massachusetts Employee Leasing Endorsement required by the Commissioner of Insurance pursuant to 211 CMR 111.04.[1] The Endorsement provides that it forms a part of the policy issued to Friday’s by the Insurance Company of Pennsylvania. The Endorsement applies to those employees provided to the client company, Precourt, under the employee leasing arrangement. The Endorsement states that the Worker’s Compensation part of the insurance policy "will apply as though the client company is insured.” 211 CMR 111.04 states, in relevant part, that
Each policy written to cover leased employees shall be issued to the employee leasing company as the named insured. The client company shall be identified thereon by the attachment of an appropriate endorsement indicating that the policy provides coverage for leased employees in accordance with Massachusetts law. The endorsement shall, at a minimum, provide for the following: (a) Coverage under the policy shall be limited to the named insured’s employees leased to the client company.
The language of the Endorsement in the present case is consistent with these requirements.
*44 DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
Margolis contends that it is her right to bring this action against Precourt because the exclusivity provision of the Worker’s Compensation Act applies only to Friday’s. Specifically, Margolis asserts that the exclusivity provision does not protect an entity who is not a named insured on a worker’s compensation policy or endorsement. The exclusivity provision, G.L.c. 152, §24, provides in relevant part:
[a]n employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right. . .
See also Green v. Wyman-Gordon Co., 422 Mass. 551 (1996) (common law actions are barred by exclusivity provision of worker’s compensation act where plaintiff is employee, his condition is a personal injury within the meaning of the Act, and injury is shown to have arisen out of and in the course of employment). In accordance with this provision, therefore, if Margolis is deemed an employee of Friday’s, Friday’s would get the protection of the exclusivity provision but Precourt would still be liable to suit for Margolis’ personal injury.
Authority regarding employee leasing companies is limited. The Legislature has enacted a section regarding employee leasing companies within the context of the Worker’s Compensation Act chapter. G.L.c. 152, §14A provides:
(1) As used in this section, the following words shall have the following meanings — (a) “Client company,” a person, association, partnership, corporation or other entity that utilizes workers provided by an employee leasing company pursuant to a contract . . . (c) “Employee leasing company,” a sole proprietorship, partnership, corporation or other form of business entity whose business consists largely of leasing employees to one or more client companies under contractual arrangements that retain for such employee leasing companies a substantial portion of personnel management functions, such as payroll, direction and control of workers, and the right to hire and fire workers provided by the employee leasing company; provided, however, that the leasing arrangement is long term and not an arrangement to provide the client company temporary help services during seasonal or unusual conditions.
Unfortunately, this provision does not give any further indication of which party, in this case, Precourt or Friday’s, shall be deemed the “employer” for purposes of determining who is entitled to the benefit of the exclusivity provision.
Cases involving employee leasing agreements have largely been addressed under G.L.c. 152, §18, entitled “Independent and sub-contractors; liability of insurer and others.” The relevant portion of this section provides:
In any case where there shall exist with respect to an employee a general employer and a special employer relationship, as between the general employer and the special employer, the liability for the payment of compensation for the injuiy shall be borne by the general employer or its insurer, and the special employer or its insurer shall be liable for such payment if the parties have so agreed or if the general employer shall not be an insured or insured person under this chapter.
G.L.c. 152, §18. The Appeals Court has analyzed this section in a matter with strikingly similar facts to the present case. Lang v. Lamothe Co., Inc., 20 Mass.App.Ct. 231 (1985). In Lang, the plaintiff was injured while working on the premises of a company which leased its employees, including the plaintiff, from an employee leasing company. Both the employee leasing company and the client company carried worker’s compensation coverage in accordance with chapter 152. The plaintiff received compensation benefits from the compensation insurer of the employee leasing company and then brought suit against the client company. The Court held that the client company “was not immune from suit under c. 152 because it was not liable to pay compensation to the plaintiff.” Id.
The Lang court addressed the issue under Section 15 “as amplified by Section 18" and set forth a two part test to determine which party, the employee leasing company or the client company, would be deemed the ’’employer" for purposes of receiving the protection of the exclusivity provision: “(1) the employer must be an insured person liable for the payment of compensation, and (2) the employer must be the direct employer of the employee.” Id.; see also G.L.c. 152, §15.[2] The court found that the client company failed to satisfy the first prong of the test. The client company was not liable to pay compensation to the plaintiff since the employee leasing company was the plaintiffs “general *45 employer.” Lang, supra at 232. Pursuant to Section 18, where there is no agreement to the contrary, the general employer is the party liable to pay compensation. Because the client company failed to satisfy the Lang test, the employee leasing company was the only party entitled to the bar of the exclusivity provision. Id.
In the present case, Precourt was the special employer and Friday’s was the general employer. Id. Since there was no agreement to the contrary between the parties, Friday’s, the general employer, was liable to pay compensation to Margolis. G.L.c. 152, §18. According to Section 18, therefore, Friday’s is also the party entitled to the exclusivity provision of the Worker’s Compensation Act and Margolis’ claim against Precourt is lawfully before the court. G.L.c. 152, §14A was enacted subsequent to the Lang decision. Nothing in §14A, however, requires a result different than that reached pursuant to a Lang analysis.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is DENIED.

 According to 211 CMR 111.04, it is the employee leasing company’s responsibility to maintain a separate worker’s compensation policy for each client company. The policy “shall be issued to the employee leasing company as the named insured [and] [t]he client company shall be identified thereon by the attachment of an appropriate endorsement indicating that the policy provides coverage for leased employees in accordance with Massachusetts law.” 211 CMR 111.04(1).

 Section 15 provides, in relevant part, that an injured employee has a right to proceed against a third party causing injury.