NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-540

ALEXANDER SANTIAGO ROSA

vs.

AFFORDABLE INTERIOR SYSTEMS, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On November 24, 2018, the plaintiff, Alexander Santiago Rosa, was injured while working as a temporary employee for the defendant, Affordable Interior Systems, Inc., on assignment from Randstad North America, Inc. (Randstad), a staffing firm employed by the defendant.  On March 6, 2020, the plaintiff filed a complaint in Superior Court alleging that he was injured due to the defendant's negligence, gross negligence, and reckless, willful, and wanton conduct.  On July 6, 2022, the defendant moved for summary judgment asserting, inter alia, that the exclusivity provisions of the workers' compensation act (act), set forth in G. L. c. 152, §§ 23-24, render it immune

from tort liability.[1]  A judge of the Superior Court agreed, and, on May 15, 2023, granted the defendant's motion and entered judgment in favor of the defendant.  The plaintiff subsequently filed a motion for reconsideration which was denied on July 23, 2023.  This appeal followed.  We affirm.

Background.  Randstad entered into a staffing agreement with the defendant which provided that Randstad was responsible for interviewing, hiring, assigning, and paying employees, while the defendant was responsible, inter alia, for supervising employees' day-to-day work, safeguarding the premises, and providing safety training.  At all relevant times, Randstad maintained a workers' compensation and employers' liability insurance policy with Ace American Insurance Company.  The policy contains an "alternate employer endorsement" that explains when the policy applies to alternate employers.  The alternate employer endorsement does not name specific alternate employers but references an amendatory endorsement.  The amendatory endorsement defines an alternate employer as "[a]ll

---

[1] On April 15, 2020, the defendant initially filed on a motion to dismiss which was allowed by a judge of the Superior Court on August 4, 2020.  However, this court reversed the judgment, concluding that the judge erroneously considered evidence outside of the complaint without first converting the defendant's motion to dismiss to one for summary judgment.  See Rosa v. Affordable Interior Systems, Inc., 100 Mass. App. Ct. 1128 (2022).  On remand, this summary judgment action then followed.

2

clients for which the insured has agreed to provide workers['] compensation insurance and employers['] liability insurance under a written contract or agreement, except that no client is an alternate employer for claims arising out of the alternate employer's negligence unless that applicable contract specifically denotes such an obligation." The motion judge concluded that the staffing agreement between Randstad and the defendant was such a "written contract or agreement" contemplated by the amendatory endorsement, and therefore the defendant qualified as an alternate employer for purposes of the endorsement. As a result, the judge found that the defendant satisfied the requirements for immunity, as set forth in our decision in Lang v. Edward J. Lamothe Co., 20 Mass. App. Ct. 231, 232 (1985).

On appeal, the plaintiff argues that because the defendant was not specifically named in the amendatory endorsement, the defendant does not qualify as an "insured person" pursuant to our decision in Lang, supra, and is therefore not entitled to immunity under the act. The plaintiff also asserts that a valid waiver of claims is a prerequisite for immunity, and that the defendant failed to obtain such a waiver here. We address the plaintiff's arguments in turn.

Discussion. 1. Standard of review. "[W]e review the motion judge's grant of summary judgment de novo." Molina v.

3

State Garden, Inc., 88 Mass. App. Ct. 173, 177 (2015). "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law (citations omitted)." Id.

2. Immunity under the workers' compensation act. The act "provides the exclusive remedy for claims brought by an injured employee against an employer." Molina, 88 Mass. App. Ct. at 178. "The [A]ct was designed to replace tort actions, by providing a uniform, statutory remedy for injured workers, in contrast to a piecemeal, tort-based system" (citation omitted). Id. Although the "exclusivity provisions are the 'cornerstone' of the Act . . . . [s]ection 15 of the Act leaves open the possibility that, notwithstanding receipt of workers' compensation benefits from the employer, an injured employee may bring tort actions against other entities." Id. at 178-179. "[F]or an employer to be immune under [the act] from an employee's common law action, that employer must satisfy a two-part test:  '(1) the employer must be an insured person liable for the payment of compensation, and (2) the employer must be

4

the direct employer[2] of the employee'" (the Lang test). Lang, 20 Mass. App. Ct. at 232.

Here, it is undisputed that the defendant was the plaintiff's direct employer and thus satisfies part two of the Lang test. Therefore, the question is whether the defendant satisfies part one of the test, which asks "whether the employer is insured and liable for workers' compensation benefits owed the employee." Molina, 88 Mass. App. Ct. at 179. In cases such as the one here, "where there is both a general and a special employer, § 18 of the Act comes into play." Id. The last paragraph of G. L. c. 152, § 18 provides:

> "In any case where there shall exist with respect to an employee a general employer and a special employer relationship, as between the general employer and the special employer, the liability for the payment of compensation for the injury shall be borne by the general employer or its insurer, and the special employer or its insurer shall be liable for such payment if the parties have so agreed or if the general employer shall not be an insured or insured person under this chapter."

"Thus, if a special employer is also the injured employee's direct employer (thus satisfying part two of the test), and the general and special employer have agreed that the latter shall be liable for carrying workers' compensation insurance and

---

[2] A direct employer is one "who has direction and control of the employee" (citation omitted). Fleming v. Shaheen Bros., 71 Mass. App. Ct. 223, 227 (2008) ("The primary test is whether one has a right to control the individual's work performance" [citation omitted]).

paying workers' compensation benefits, the special employer may be immune from tort liability."  Molina, supra at 180.

In Molina, 88 Mass. App. Ct. at 173, we concluded that an alternate employer endorsement to a staffing company's workers' compensation insurance policy, nearly identical to the one Randstad has here, satisfies the requirements of G. L. c. 152, § 18 "such that an injured employee's employer, a customer of the staffing company and named in the endorsement, is immune from tort liability under the Workers' Compensation Act."  The plaintiff attempts to distinguish this case from Molina, citing the fact that the defendant was not specifically named as an alternate employer in the endorsement.  The argument is unavailing.  Here, as mentioned above, the alternate employer endorsement references an amendatory endorsement which defines an alternate employer as "[a]ll clients for which the insured has agreed to provide workers['] compensation insurance and employers['] liability insurance under a written contract or agreement, except that no client is an alternate employer for claims arising out of the alternate employer's negligence unless that applicable contract specifically denotes such an obligation."  Therefore, because it is also undisputed that Randstad was the plaintiff's general employer and the defendant was his special employer, the ultimate question is whether Randstad agreed to provide workers' compensation insurance and

6

employers' liability insurance to the defendant through a "written contract or agreement."

To answer this question in the affirmative, we need only look to the staffing agreement between Randstad and the defendant where Randstad agreed to "provide unemployment insurance and workers' compensation benefits to all Assigned Employees; be solely responsible for handling all unemployment and workers' compensation claims involving Assigned Employees; and add Alternate Employment Endorsement to Staffing Firm's workers' compensation policy." As noted by the motion judge, the plaintiff was an assigned employee whose claims against the defendant clearly fall within the purview of this provision.[3] As such, because the defendant was an "insured person liable for the payment of compensation," as well as the plaintiff's direct employer, the defendant satisfies both prongs of the Lang test and is therefore immune from tort liability.[4] Lang, 20 Mass. App. Ct. at 232.

---

[3] The amendatory endorsement also states that "no client is an alternate employer for claims arising out of the alternate employer's negligence unless the applicable contract specifically denotes such an obligation." As the motion judge noted, this language is satisfied by the staffing agreement which applies to "all unemployment and workers' compensation claims involving Assigned Employees," such as the plaintiff's negligence claims (emphasis supplied).

[4] We agree with the motion judge that the staffing agreement's "provisions regarding indemnification and limitation of liability do not negate Randstad's agreement to provide

7

Additionally, while the plaintiff concedes that "the legal standard applied to the facts of the case are set forth in Molina," he nonetheless argues that the defendant needed to obtain a valid waiver of claims to be immune from liability. However, as the motion judge noted, Molina provides "two separate bases" by which the special employer could escape liability:  (1) the alternate employer endorsement rendered the special employer immune from suit under the act and, (2) in the alternative, the plaintiff had signed a valid waiver of his right to sue the special employer.  See Molina, 88 Mass. App. Ct. at 182 (concluding defendant protected by waiver and release "in addition to having immunity under the Act" [emphasis supplied]).  Therefore, because a valid waiver is not a prerequisite for immunity under the act, we need not address the plaintiff's arguments regarding whether the waiver he executed on June 29, 2018, was valid.[5]

worker[s'] compensation benefits to all employees assigned" to the defendant and "to handle all claims involving such employees."

[5] This includes plaintiff's argument that the Massachusetts Noncompetition Agreement Act renders the waiver invalid.

For the foregoing reasons, we also conclude the motion judge did not err in denying the plaintiff's motion for reconsideration.

<u>Judgment affirmed</u>.

<u>Order denying motion for reconsideration affirmed</u>.

By the Court (Desmond, Ditkoff & Englander, JJ.[6]),

Paul Little

Clerk

Entered:  August 27, 2025.

---

[6] The panelists are listed in order of seniority.